UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| NEILL S. BASSI<br>45 Almaden Court<br>San Francisco, CA 94118<br><br>Plaintiff<br><br>v.<br><br>JARROD M. PATTEN<br>777 7th Street, N.W.<br>Apt. 1026<br>Washington, D.C. 20001-5715<br><br>and<br><br>CASEY T. PATTEN<br>777 7th Street, N.W.<br>Apt. 717<br>Washington, D.C. 20001-5715<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Neill S. Bassi, by and through counsel, and sues Defendants, Jarrod M. Patten and Casey T. Patten (collectively Defendants), for personal injuries and damages. In support thereof, Plaintiff states as follows:

### Parties

1. Plaintiff Neill S. Bassi is, and at all times mentioned in this Complaint was, a resident of California, and presently resides at 45 Almaden Court, San Francisco, California 94118. During the academic year, Plaintiff temporarily resides in the District of Columbia at 3734 R Street, N.W., Washington, D.C. 20007.

2. Defendant Jarrod M. Patten is, and at all times mentioned in this Complaint was, a resident of the District of Columbia, and presently resides at 777 7th Street, N.W., Apartment 1026, Washington, D.C. 20001-5715.

3. Defendant Casey T. Patten is, and at all times mentioned in this Complaint was, a resident of the District of Columbia, and presently resides at 777 7th Street, N.W., Apartment 717, Washington, D.C. 20001-5715.

### Jurisdiction and Venue

4. Jurisdiction in this matter is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a)(1).

5. The Court has jurisdiction over the claims against Defendant Jarrod M. Patten pursuant to 28 U.S.C. § 1332(a)(1), in that the parties are of diverse citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. The Court has jurisdiction over the claims against Defendant Casey T. Patten pursuant to 28 U.S.C. § 1332(a)(1), in that the parties are of diverse citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. The Court has personal jurisdiction over Defendant Jarrod M. Patten pursuant to D. C. Code §§ 13-422 and 13-423.

8. The Court has personal jurisdiction over Defendant Casey M. Patten pursuant to D. C. Code §§ 13-422 and 13-423.

9. Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(a).

**Facts Common To All Counts**

10. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 9 as if fully set forth herein, and further states:

11. At all times mentioned in this Complaint, Plaintiff was an agent and employee of a restaurant and bar known as Restaurant Enterprises, Inc., t/a Smith Point, located at 1338 Wisconsin Avenue, N.W., Washington, D.C. 20007 ("Smith Point").

12. Plaintiff was employed as a "door guy" at Smith Point.

13. As part of Plaintiff's duties as a door guy, Plaintiff was required to collect money from patrons as they entered Smith Point from the side entrance on O Street, N.W. In addition, Plaintiff was responsible for restricting admission to Smith Point from the side entrance on O Street at or around closing time, which was typically on Friday and Saturday night at 2:30 a.m.

14. In doing the things alleged in this Complaint, Plaintiff was acting within the course and scope of his employment.

15. On Sunday, January 14, 2007, at approximately 2:30 a.m., Plaintiff was on duty at Smith Point, standing inside the O Street entrance to Smith Point.

16. At the same time and place, Defendants approached the O Street entrance to Smith Point, and upon reaching the doorway, demanded admission to Smith Point by Plaintiff.

17. In response to Defendants' demand, Plaintiff told Defendants that Smith Point was closed, whereupon Defendants became enraged and used abusive, profane, and insulting language towards Plaintiff.

18. As Defendants' verbal abuse of Plaintiff became progressively more hostile, Plaintiff walked away and back from the O Street entrance to allow two other door guys to reason with Defendants.

19. Defendant Casey T. Patten maliciously, unlawfully, and without any just cause or provocation punched one of the door guys standing inside the O Street entrance in the face.

20. Defendant Casey T. Patten then threw a second punch at the same door guy, whereupon both door guys stepped through the doorway onto the O Street sidewalk, where Defendant Casey T. Patten began fighting with them.

21. At this point, Plaintiff stepped through the doorway of the O Street entrance onto the sidewalk.

22. As he did so, Defendant Jarrod M. Patten, without any just cause or provocation on the part of the Plaintiff, charged Plaintiff and violently assaulted and battered Plaintiff by grabbing Plaintiff's right arm and wrenching it behind Plaintiff's back, causing Plaintiff to sustain severe injuries to his right shoulder, including without limitation, a right shoulder type 2 superior labrum anterior posterior tear.

23. As a result of Defendant Jarrod M. Patten's assault and battery on him, and as a result of Defendant Casey T. Patten's assault and battery on him, Plaintiff sustained serious and permanent injuries to his body, physical and mental pain and suffering, and monetary losses.

## COUNT I
### (Assault – Jarrod M. Patten)

24.  Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 23 with the same effect as if fully set forth herein, and further states:

25.  Defendant Jarrod M. Patten assaulted Plaintiff in that he committed an intentional and unlawful threat or attempt, by words and by acts, to physically harm Plaintiff. It reasonably appeared to Plaintiff that Defendant Jarrod M. Patten had the present ability to physically harm him, and his display of force reasonably caused Plaintiff to fear imminent bodily harm.

26.  As a direct and proximate result of Defendant Jarrod M. Patten's assault of Plaintiff, as aforesaid, Plaintiff sustained serious and permanent bodily injuries and damages; he has incurred and will incur in the future medical expenses to care for his injuries; he was prevented from pursuing other ordinary activities; and he has suffered great pain of body and mind, all of which may be permanent in nature.

27.  The acts of Defendant Jarrod M. Patten, as aforesaid, were intentional, malicious, or willful.

WHEREFORE, Plaintiff Neill S. Bassi demands judgment against Defendant Jarrod M. Patten in the amount of not less than One Million Dollars ($1,000,000.00) in compensatory damages, and punitive damages in the amount of not less than One Million Dollars ($1,000,000), plus costs and interest.

## COUNT II
### (Battery – Jarrod M. Patten)

28.  Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 27 with the same effect as if fully set forth herein, and further states:

29. Defendant Jarrod M. Patten's conduct constituted an intentional and unlawful, harmful and offensive touching and use of force upon Plaintiff by Defendant Jarrod M. Patten.

30. As a direct and proximate result of Defendant Jarrod M. Patten's conduct, as aforesaid, Plaintiff sustained serious and permanent bodily injuries and damages; he has incurred and will incur in the future medical expenses to care for his injuries; he was prevented from pursuing other ordinary activities; and he has suffered great pain of body and mind, all of which may be permanent in nature.

31. The acts of Defendant Jarrod M. Patten, as aforesaid, were intentional, malicious, or willful.

WHEREFORE, Plaintiff Neill S. Bassi demands judgment against Defendant Jarrod M. Patten in the amount of not less than One Million Dollars ($1,000,000.00) in compensatory damages, and punitive damages in the amount of not less than One Million Dollars ($1,000,000.00), plus costs and interest.

### COUNT III
**(Intentional Infliction of Emotional Distress – Jarrod M. Patten)**

32. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 31 with the same effect as if fully set forth herein, and further states:

33. Defendant Jarrod M. Patten's extreme and outrageous conduct, as aforesaid, was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

34. Defendant Jarrod M. Patten's extreme and outrageous conduct, as aforesaid, was intentional and recklessly disregarded the high degree of probability that severe emotional distress would result to Plaintiff.

35. As a direct and proximate result of Defendant Jarrod M. Patten's extreme and outrageous conduct, as aforesaid, Plaintiff has suffered, and will continue to suffer, severe and extreme emotional distress, causing severe and extreme pain and suffering, and he has been injured and damaged as alleged herein.

WHEREFORE, Plaintiff Neill S. Bassi demands judgment against Defendant Jarrod M. Patten in the amount of not less than One Million Dollars ($1,000,000.00) in compensatory damages, and punitive damages in the amount of not less than One Million Dollars ($1,000,000.00), plus costs and interest.

## COUNT IV
### (Negligence – Jarrod M. Patten)

36. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 35 with the same effect as if fully set forth herein, and further states:

37. At all times relevant hereto, Defendant Jarrod M. Patten owed a continuing duty to maintain control of himself and to behave in a reasonable manner, with due regard for the safety of others, including Plaintiff.

38. Defendant Jarrod M. Patten breached the duties which he owed to Plaintiff by conducting himself as aforesaid.

39. As a direct and proximate result of the negligence of Defendant Jarrod M. Patten, as aforesaid, Plaintiff sustained serious and permanent bodily injuries and damages; he has incurred and will incur in the future medical expenses to care for his

injuries; he was prevented from pursuing other ordinary activities; and he has suffered great pain of body and mind, all of which may be permanent in nature.

40. All such injuries and damages were caused solely by the negligence of Defendant Jarrod M. Patten, without any negligence of the Plaintiff contributing whatsoever.

WHEREFORE, Plaintiff Neill S. Bassi demands judgment against Defendant Jarrod M. Patten in the amount of not less than One Million Dollars ($1,000,000.00) in compensatory damages, plus costs and interest.

## COUNT V
### (Assault/Transferred Intent – Casey T. Patten)

41. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 40 with the same effect as if fully set forth herein, and further states:

42. Defendant Casey T. Patten assaulted Plaintiff in that he committed an intentional and unlawful threat or attempt, by words and by acts, to physically harm a third person, which caused apprehension of imminent harm or offensive contact in Plaintiff. It reasonably appeared to Plaintiff that Defendant Casey T. Patten had the present ability to carry out the harmful or offensive contact, and his display of force reasonably caused Plaintiff to fear imminent bodily harm.

43. As a direct and proximate result of Defendant Casey T. Patten's assault of Plaintiff, as aforesaid, Plaintiff sustained serious and permanent bodily injuries and damages; he has incurred and will incur in the future medical expenses to care for his injuries; he was prevented from pursuing other ordinary activities; and he has suffered great pain of body and mind, all of which may be permanent in nature.

44. The acts of Defendant Casey T. Patten, as aforesaid, were intentional, malicious, or willful.

WHEREFORE, Plaintiff Neill S. Bassi demands judgment against Defendant Casey T. Patten in the amount of not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, and punitive damages in the amount of not less than Five Hundred Thousand Dollars ($500,000.00), plus costs and interest.

### COUNT VI
### (Battery – Casey T. Patten)

45. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 44 with the same effect as if fully set forth herein, and further states:

46. Defendant Casey T. Patten is liable for battery to Plaintiff because he, by various means, including words, signs or motions, encouraged, incited, aided or abetted the assault and battery of Plaintiff by Defendant Jarrod M. Patten.

47. As a direct and proximate result of Defendant Casey T. Patten's conduct, as aforesaid, Plaintiff sustained serious and permanent bodily injuries and damages; he has incurred and will incur in the future medical expenses to care for his injuries; he was prevented from pursuing other ordinary activities; and he has suffered great pain of body and mind, all of which may be permanent in nature.

48. The acts of Defendant Casey T. Patten, as aforesaid, were intentional, malicious, or willful.

WHEREFORE, Plaintiff Neill S. Bassi demands judgment against Defendant Casey T. Patten in the amount of not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, and punitive damages in the amount of not less than Five Hundred Thousand Dollars ($500,000.00), plus costs and interest.

> Respectfully submitted,
>
> BODE & GRENIER, LLP
>
> _____
> Eric D. Mitchell (D.C. Bar No. 438607)
> Bode & Grenier, L.L.P.
> 1150 Connecticut Avenue, NW
> Ninth Floor
> Washington D.C. 20036
> Phone: (202) 828-4100
> Fax: (202) 828-4130
>
> Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

_____
Eric D. Mitchell

## I (a) PLAINTIFFS

NEILL S. BASSI

## DEFENDANTS

JARROD M. PATTEN & CASEY T. PATTEN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Eric D. Mitchell, Esquire (D.C. Bar #438607)
Bode & Grenier, LLP
1150 Connecticut Ave., NW
Ninth Floor
Washington, DC 20036 - (202) 828-4100

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

● **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. § 1332 (a)(1); Personal injury arising from assault, battery, and other tortious conduct.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 4,000,000  Check YES only if demanded in compl: JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 7/18/07   SIGNATURE OF ATTORNEY OF RECORD  *Eric D. Mitotch*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.