UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| NEILL S. BASSI, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) Civil Action No.: 07-1277 (JDB) |
| | ) |
| JARROD M. PATTEN, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| CASEY T. PATTEN, | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

## ANSWER AND COUNTERCLAIM

Defendants, Jarrod M. Patten and Casey T. Patten, by and through their undersigned counsel, hereby answer the Complaint as follows:

## FIRST DEFENSE

Defendants answer each of the numbered paragraphs of the Complaint as follows:

1. Defendants lack knowledge or information sufficient to form a conclusion as to the truth of the allegations of this paragraph and, therefore, Defendants deny the allegations in this paragraph and strict proof thereof is demanded.

2. Defendants admit that Jarrod Patten resides at 777 7th Street, N.W., Apartment 1026, Washington, D.C. 20001.

3. Defendants admit that Casey Patten resides at 777 7th Street, N.W., Apartment 717, Washington, D.C. 20001.

4. This paragraph contains conclusions of law to which no response is required, but inasmuch as a response is deemed to be required, Defendants deny the allegations contained in this paragraph and strict proof thereof is demanded.

5. This paragraph contains conclusions of law to which no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in this paragraph and strict proof thereof is demanded.

6. This paragraph contains conclusions of law to which no response is required, but inasmuch as a response is deemed to be required, Defendant Casey Patten denies the allegations contained in this paragraph and strict proof thereof is demanded.

7. This paragraph contains conclusions of law to which no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in this paragraph and strict proof thereof is demanded.

8. This paragraph contains conclusions of law to which no response is required, but inasmuch as a response is deemed to be required, Defendant Casey Patten denies the allegations contained in this paragraph and strict proof thereof is demanded.

9. This paragraph contains conclusions of law to which no response is required, but inasmuch as a response is deemed to be required, Defendants deny the allegations contained in this paragraph and strict proof thereof is demanded.

10. Defendants incorporate by reference their responses to the preceding paragraphs, as if fully set forth herein.

11. Defendants lack knowledge or information sufficient to form a conclusion as to the truth of the allegations of this paragraph and, therefore, Defendants deny the allegations in this paragraph and strict proof thereof is demanded.

12. Defendants lack knowledge or information sufficient to form a conclusion as to the truth of the allegations of this paragraph and, therefore, Defendants deny the allegations in this paragraph and strict proof thereof is demanded.

13. Defendants lack knowledge or information sufficient to form a conclusion as to the truth of the allegations of this paragraph and, therefore, Defendants deny the allegations in this paragraph and strict proof thereof is demanded.

14. Defendants lack knowledge or information sufficient to form a conclusion as to the truth of the allegations of this paragraph and, therefore, Defendants deny the allegations in this paragraph and strict proof thereof is demanded.

15. Defendants admit only that Plaintiff was present at Smith Point at approximately 2:30 a.m. Defendants lack knowledge or information sufficient to form a conclusion as to the truth of the remaining allegations of this paragraph and, therefore, Defendants deny the allegations in this paragraph and strict proof thereof is demanded.

16. Defendants deny the allegations as stated in this paragraph.

17. Defendants deny the allegations as stated in this paragraph.

18. Defendants deny the allegations as stated in this paragraph.

19. Defendants deny the allegations as stated in this paragraph.

20. Defendants deny the allegations as stated in this paragraph.

21. Defendants admit only that Plaintiff stepped through the Smith Point doorway and assaulted Defendant Casey Patten.

22. Defendants deny the allegations contained in this paragraph.

23. Defendants deny the allegations contained in this paragraph.

24. Defendants incorporate by reference their responses to the preceding paragraphs, as if fully set forth herein.

25. To the extent that the first sentence of this paragraph contains a conclusion of law no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in the first sentence in this paragraph and strict proof thereof is demanded. Defendant Jarrod Patten lacks knowledge or information sufficient to form a conclusion as to what "reasonably appeared" to Plaintiff on January 14, 2007 as described in the second sentence of this paragraph. To the extent that the second sentence of this paragraph contains any allegations of fact, Defendant Jarrod Patten denies these allegations and strict proof thereof is demanded.

26. To the extent that the allegations of this paragraph contain conclusions of law, no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in this paragraph and strict proof thereof is demanded. Defendant Jarrod Patten lacks knowledge or information sufficient to form a conclusion as to the truth of the remaining allegations contained in this paragraph and, therefore, Defendant Jarrod Patten denies the remaining allegations in this paragraph.

27. This paragraph contains conclusions of law and, therefore, no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in this paragraph and strict proof thereof is demanded. To the extent that this paragraph contains any allegations of fact, Defendant Jarrod Patten denies these allegations and strict proof thereof is demanded.

The next unnumbered paragraph of the Complaint contains Plaintiff's prayer for relief, to which no answer is required, but to the extent an answer may be deemed required, Defendant Jarrod Patten denies that Plaintiff is entitled to any of the relief sought in his Complaint.

28. Defendants incorporate by reference their responses to the preceding paragraphs, as if fully set forth herein.

29. This paragraph contains conclusions of law to which no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in this paragraph and strict proof thereof is demanded.

30. To the extent that the allegations of this paragraph contain conclusions of law, no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in this paragraph and strict proof thereof is demanded. Defendant Jarrod Patten lacks knowledge or information sufficient to form a conclusion as to the truth of the remaining allegations contained in this paragraph and, therefore, Defendant Jarrod Patten denies the remaining allegations in this paragraph.

31. This paragraph contains conclusions of law and, therefore, no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in this paragraph and strict proof thereof is demanded. To the extent that this paragraph contains any allegations of fact, Defendant Jarrod Patten denies these allegations and strict proof thereof is demanded.

The next unnumbered paragraph of the Complaint contains Plaintiff's prayer for relief, to which no answer is required, but to the extent an answer may be deemed

required, Defendant Jarrod Patten denies that Plaintiff is entitled to any of the relief sought in his Complaint.

33. Defendants incorporate by reference their responses to the preceding paragraphs, as if fully set forth herein.

33. This paragraph contains conclusions of law and, therefore, no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in this paragraph and strict proof thereof is demanded. To the extent that this paragraph contains any allegations of fact, Defendant Jarrod Patten denies these allegations and strict proof thereof is demanded.

34. This paragraph contains conclusions of law and, therefore, no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in this paragraph and strict proof thereof is demanded. To the extent that this paragraph contains any allegations of fact, Defendant Jarrod Patten denies these allegations and strict proof thereof is demanded.

35. This paragraph contains conclusions of law and, therefore, no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in this paragraph and strict proof thereof is demanded. To the extent that this paragraph contains any allegations of fact, Defendant Jarrod Patten lacks knowledge or information sufficient to form a conclusion as to the truth of these allegations and, therefore, Defendant Jarrod Patten denies these allegations and strict proof thereof is demanded.

The next unnumbered paragraph of the Complaint contains Plaintiff's prayer for relief, to which no answer is required, but to the extent an answer may be deemed

required, Defendant Jarrod Patten denies that Plaintiff is entitled to any of the relief sought in his Complaint.

36. Defendants incorporate by reference their responses to the preceding paragraphs, as if fully set forth herein.

37. This paragraph contains conclusions of law to which no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in this paragraph and strict proof thereof is demanded.

38. This paragraph contains conclusions of law to which no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in this paragraph and strict proof thereof is demanded.

39. This paragraph contains conclusions of law to which no response is required, but inasmuch as a response is deemed to be required, Defendant Jarrod Patten denies the allegations contained in this paragraph and strict proof thereof is demanded. To the extent that this paragraph contains any allegations of fact, Defendant Jarrod Patten lacks knowledge or information sufficient to form a conclusion as to the truth of these allegations and, therefore, Defendant Jarrod Patten denies these allegations and strict proof thereof is demanded.

40. Defendant Jarrod Patten denies the allegations contained in this paragraph.

The next unnumbered paragraph of the Complaint contains Plaintiff's prayer for relief, to which no answer is required, but to the extent an answer may be deemed required, Defendant Jarrod Patten denies that Plaintiff is entitled to any of the relief sought in his Complaint.

41.     Defendants incorporate by reference their responses to the preceding paragraphs, as if fully set forth herein.

42.     To the extent that the first sentence of this paragraph contains a conclusion of law no response is required, but inasmuch as a response is deemed to be required, Defendant Casey Patten denies the allegations contained in the first sentence in this paragraph and strict proof thereof is demanded.  Defendant Casey Patten lacks knowledge or information sufficient to form a conclusion as to the truth of the allegations of the second sentence of this paragraph and, therefore, Defendant Casey Patten denies the allegations in the second sentence of this paragraph and strict proof thereof is demanded.

43.     To the extent that the allegations of this paragraph contain conclusions of law, no response is required, but inasmuch as a response is deemed to be required, Defendant Casey Patten denies the allegations contained in this paragraph and strict proof thereof is demanded.  Defendant Casey Patten lacks knowledge or information sufficient to form a conclusion as to the truth of the remaining allegations contained in this paragraph and, therefore, Defendant Casey Patten denies the remaining allegations in this paragraph and strict proof thereof is demanded.

44.     Defendant Casey Patten denies the allegations contained in this paragraph.

The next unnumbered paragraph of the Complaint contains Plaintiff's prayer for relief, to which no answer is required, but to the extent an answer may be deemed required, Defendant Casey Patten denies that Plaintiff is entitled to any of the relief sought in his Complaint.

45. Defendants incorporate by reference their responses to the preceding paragraphs, as if fully set forth herein.

46. This paragraph contains conclusions of law to which no response is required, but inasmuch as a response is deemed to be required, Defendant Casey Patten denies the allegations contained in this paragraph and strict proof thereof is demanded. To the extent that this paragraph contains any allegations of fact, Defendant Casey Patten denies these allegations and strict proof thereof is demanded.

47. To the extent that the allegations of this paragraph contain conclusions of law, no response is required, but inasmuch as a response is deemed to be required, Defendant Casey Patten denies the allegations contained in this paragraph and strict proof thereof is demanded. Defendant Casey Patten lacks knowledge or information sufficient to form a conclusion as to the truth of the remaining allegations contained in this paragraph and, therefore, Defendant Casey Patten denies the remaining allegations in this paragraph and strict proof thereof is demanded.

48. Defendant Casey Patten denies the allegations contained in this paragraph.

The next unnumbered paragraph of the Complaint contains Plaintiff's prayer for relief, to which no answer is required, but to the extent an answer may be deemed required, Defendant Casey Patten denies that Plaintiff is entitled to any of the relief sought in his Complaint.

Defendants deny all allegations of this Complaint not expressly admitted or qualified above.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The relief sought in the Complaint is barred by the doctrine of assumption of risk.

## FOURTH DEFENSE

The relief sought in the Complaint is barred by the doctrine of contributory negligence.

## FIFTH DEFENSE

The relief sought in the Complaint is barred by the doctrine of intervening negligence.

## SIXTH DEFENSE

The relief sought in the Complaint is barred by lack of causation.

## SEVENTH DEFENSE

Defendants reserve the right to raise such other defenses as might become known by them in the course of discovery in this litigation.

## COUNTERCLAIM

Defendant/Counter-Plaintiff, Casey T. Patten, by and through undersigned counsel, makes the following counterclaims against the Plaintiff/Counter-Defendant, Neill S. Bassi, personally and individually, and alleges as follows:

## FACTS COMMON TO ALL COUNTS

1. On or about January 14, 2007, Casey Patten and Jarrod Patten went to Smith Point, located in the District of Columbia, prior to the time this establishment was scheduled to close.

2. Neill Bassi and another man were standing inside the doorway of Smith Point.

3. Casey Patten did not cross the threshold of Smith Point.

4. Jarrod Patten did not cross the threshold of Smith Point.

5. Casey Patten and Jarrod Patten asked to enter Smith Point so they could join their friends who were already inside.

6. Mr. Bassi and another man told Casey Patten and Jarrod Patten that Smith Point was closed.

7. Casey Patten and Jarrod Patten advised Mr. Bassi and the other man that Smith Point remains open until 3:00 a.m.

8. Jarrod Patten asked Mr. Bassi and the other man to notify his friend, the owner of Smith Point that he was at the door.

9. Mr. Bassi and the other man responded by taunting Jarrod and Casey Patten.

10. Mr. Bassi told Jarrod Patten, who along with Casey Patten was standing outside in the rain, to contact the owner of Smith Point himself.

11. Words were exchanged between the Pattens and Mr. Bassi and the other man, but at no point did Jarrod or Casey Patten taunt these men.

12. Neither Jarrod Patten nor Casey Patten attempted to force their way inside Smith Point.

13. Casey Patten and the second man became involved in an altercation.

14. Casey Patten retreated from the doorway to the sidewalk on O Street.

15. Mr. Bassi and the other man charged Casey Patten as he continued to retreat along O Street.

16. Mr. Bassi and the other man, jointly and separately, knocked Casey Patten to the ground.

17. Mr. Bassi punched Casey Patten.

18. Mr. Bassi struck Casey Patten with his open hand.

19. Mr. Bassi kicked Casey Patten.

20. The man who was inside the Smith Point doorway with Mr. Bassi punched Casey Patten.

21. The man who was inside the Smith Point doorway with Mr. Bassi struck Casey Patten with his open hand.

22. The man who was inside the Smith Point doorway with Mr. Bassi kicked Casey Patten.

23. A pedestrian intervened and stopped the attack.

24. A third, unidentified man, who appeared to be a Smith Point employee, charged Jarrod Patten, after he had moved away from the doorway and was attempting to telephone the owner of Smith Point.

25. The man described in paragraph 23 tackled Jarrod Patten into a tree adjacent to O Street.

26. Members of the Metropolitan Police Department arrived at the above described location.

27. No one was arrested as a result of this incident.

28. On January 14, 2007 and again on January 15, 2007, Casey Patten was treated at the George Washington University Hospital for injuries to his ribs, chest, back and head.

29. These injuries were caused by Mr. Bassi, individually and in concert with the other man who joined in his attack on Casey Patten on January 14, 2007.

## COUNT I
### (Assault – Against Neill Bassi)

30. Casey Patten alleges paragraphs 1 through 29 as if fully set forth herein.

31. By physically knocking Casey Patten to the ground and striking him, Mr. Bassi made an effort or attempt, with force or violence, to injure Casey Patten.

32. At the time Mr. Bassi made this attempt or effort and knocked Casey Patten to the ground and struck him, he had the apparent present ability to injure Casey Patten.

33. At the time Mr. Bassi struck Casey Patten, he did so voluntarily and on purpose, not by mistake or accident.

34. At the time Mr. Bassi struck Casey Patten, he did so without legal justification.

35. As a direct and proximate result of the intentional conduct of Neill Bassi, Casey Patten suffered and continues to suffer physical pain and injury and emotional distress.

WHEREFORE, Defendant/Counter-Plaintiff Casey Patten, demands as follows:

A. Judgment against Plaintiff in an amount not to exceed Plaintiff's demand for compensatory damages.

B. Costs and attorneys' fees incurred in prosecuting this counterclaim;

C. All other relief to which Casey Patten may be entitled.

## COUNT II
### (Aiding and Abetting – Against Neill Bassi)

36. Casey Patten alleges paragraphs 1 through 35 as if fully set forth herein.

37. Neill Bassi knowingly and affirmatively associated himself with the commission of an assault upon Casey Patten.

38 Neill Bassi participated in the assault as something he wished to bring about.

39. Neill Bassi intended by his actions to make the assault succeed.

40. Neil Bassi was not merely present when an unidentified man assaulted Casey Patten.

41. As a direct and proximate result of Neill Bassi's conduct, Casey Patten suffered and continues to suffer physical pain and injury and emotional distress.

WHEREFORE, Defendant/Counter-Plaintiff Casey Patten, demands as follows:

A. Judgment against Plaintiff in an amount not to exceed Plaintiff's demand for compensatory damages.

B. Costs and attorneys' fees incurred in prosecuting this counterclaim;

C. All other relief to which Casey Patten may be entitled.

### COUNT III
**(Punitive Damages)**

42. Casey Patten alleges paragraphs 1 through 41 as if fully set forth herein.

43. Mr. Bassi's conduct toward Mr. Patten was malicious, reckless, and wanton and in willful disregard for the rights of Mr. Patten while committing an intentional tort.

44. As a consequence of Mr. Bassi's outrageous conduct, Mr. Patten seeks and is entitled to punitive damages from Mr. Bassi.

WHEREFORE, Defendant/Counter-Plaintiff Casey Patten demands as follows:

A. Judgment against Neill Bassi in an amount not to exceed Mr. Bassi's demand for punitive damages.

B. Costs and attorneys' fees incurred in prosecuting this counterclaim;

C. All other relief to which Mr. Patten may be entitled.

WHEREFORE, having fully answered, Casey and Jarrod Patten respectfully requests that the aforesaid Complaint be dismissed with prejudice, and that Casey and Jarrod Patten be granted his costs and any other relief as the Court deems appropriate. Should the Court deny this request, Defendants request a jury trial on the allegations set forth in the Complaint, and Defendant/Counter-Plaintiff Casey Patten demands a jury trial on the allegations set forth in his Counterclaim.

        Respectfully submitted,

        _____/s/_____
        STEVEN J. McCOOL
        D.C. Bar No. 429369
        DAN McNAMARA
        D.C. Bar No. 494834
        MALLON & McCOOL, LLC
        1776 K Street, N.W., Suite 200
        Washington, D.C. 20006
        202-393-7088

        Counsel for Casey and Jarrod Patten

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August 2007, the foregoing was filed electronically and to the best of my knowledge, information and belief, the Plaintiff/Counter Defendant will be notified through the Electronic Case Filing System.

_____/s/_____
STEVEN J. McCOOL