UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| NEILL S. BASSI )<br>)<br>    Plaintiff/Counter-Defendant )<br>)<br>v. )<br>)<br>JARROD M. PATTEN )<br>)<br>    Defendant )<br>)<br>and )<br>)<br>CASEY T. PATTEN )<br>)<br>    Defendant/Counter-Plaintiff. ) | Civil Action No.: 07-1277 (JDB) |

## ANSWER TO COUNTERCLAIM

COMES NOW the Plaintiff/Counter-Defendant, Neill S. Bassi (hereinafter "Mr. Bassi"), by and through undersigned counsel, and for his answer to the Counterclaim of Defendant/Counter-Plaintiff Casey T. Patten, states as follows:

### FIRST DEFENSE

The Counterclaim fails to state a cause of action against Mr. Bassi upon which relief may be granted.

### SECOND DEFENSE

Mr. Bassi answers each of the numbered paragraphs of the Counterclaim as follows:

1.   Mr. Bassi admits that on or about January 14, 2007, Casey Patten and Jarrod Patten went to Smith Point located in the District of Columbia. Mr. Bassi lacks

1

knowledge or information sufficient to permit him to admit or deny the remaining allegations of paragraph 1.

    2.       The allegations of paragraph 2 are admitted.

    3.       The allegations of paragraph 3 are denied.

    4.       Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the allegations of paragraph 4.

    5.       The allegations of paragraph 5 are denied.

    6.       Mr. Bassi admits that he told Casey Patten and Jarrod Patten that Smith Point was closed, but Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the allegation that another man told Casey Patten and Jarrod Patten that Smith Point was closed.

    7.       The allegations of paragraph 7 are denied.

    8.       The allegations of paragraph 8 are denied.

    9.       The allegations of paragraph 9 are denied.

    10.      Mr. Bassi admits that he told Jarrod Patten that if he knew the owner of Smith Point he should contact the owner of Smith Point himself. Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the remaining allegations of paragraph 10.

    11.      The allegations of paragraph 11 are denied.

    12.      The allegations of paragraph 12 are denied.

    13.      Mr. Bassi admits that Casey Patten became involved in an altercation with another man after Casey Patten initially punched the man in the face.

    14.      The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 are denied.

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

20. Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the allegations of paragraph 20.

21. Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the allegations of paragraph 21.

22. Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the allegations of paragraph 22.

23. Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the allegations of paragraph 23.

24. The allegations of paragraph 24 are denied.

25. Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the allegations of paragraph 25.

26. The allegations of paragraph 26 are admitted.

27. Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the allegations of paragraph 27.

28. Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the allegations of paragraph 28.

29. The allegations of paragraph 29 are denied.

## COUNT I
### (Assault – Against Neill Bassi)

30.  The responses set forth in paragraphs 1 through 29 are incorporated here by reference as if set forth here *verbatim*.

31.  To the extent that the allegations of paragraph 31 contain a conclusion of law, no response is required.  To the extent that the allegations of paragraph 31 are inconsistent with the foregoing, they are denied.

32.  Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the allegation that he had the apparent present ability to injure Casey Patten.  The remaining allegations of paragraph 32 are denied.

33.  The allegations of paragraph 33 are denied.

34.  To the extent that the allegations of paragraph 34 contain a conclusion of law, no response is required.  To the extent that the allegations of paragraph 34 are inconsistent with the foregoing, they are denied.

35.  Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the allegations of paragraph 35.

The next unnumbered paragraph of the Counterclaim contains Defendant/Counter-Plaintiff Casey T. Patten's prayer for relief, to which no answer is required, but to the extent an answer may be deemed required, Mr. Bassi denies that Defendant/Counter-Plaintiff is entitled to any of the relief sought in his Counterclaim.

To the extent the allegations in Count I require further answer, they are denied.

## COUNT II
### (Aiding and Abetting – Against Neill Bassi)

36. The responses set forth in paragraphs 1 through 35 are incorporated here by reference as if set forth here *verbatim*.

37. The allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 are denied.

40. Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the allegations of paragraph 40.

41. Mr. Bassi lacks knowledge or information sufficient to permit him to admit or deny the allegations of paragraph 41.

The next unnumbered paragraph of the Counterclaim contains Defendant/Counter-Plaintiff Casey T. Patten's prayer for relief, to which no answer is required, but to the extent an answer may be deemed required, Mr. Bassi denies that Defendant/Counter-Plaintiff is entitled to any of the relief sought in his Counterclaim.

To the extent the allegations in Count II require further answer, they are denied.

## COUNT III
### (Punitive Damages)

42. The responses set forth in paragraphs 1 through 41 are incorporated here by reference as if set forth here *verbatim*.

43. To the extent the allegations of paragraph 43 constitute a legal conclusion, no response is required. To the extent that the allegations of paragraph 43 are inconsistent with the foregoing, they are denied.

44. The allegations of paragraph 44 are denied.

5

The next unnumbered paragraph of the Counterclaim contains Defendant/Counter-Plaintiff Casey T. Patten's prayer for relief, to which no answer is required, but to the extent an answer may be deemed required, Mr. Bassi denies that Defendant/Counter-Plaintiff is entitled to any of the relief sought in his Counterclaim.

To the extent the allegations in Count III require further answer, they are denied.

### THIRD DEFENSE

The claims are barred by the doctrine of assumption of risk.

### FOURTH DEFENSE

The claims are barred by the doctrine of contributory negligence.

### FIFTH DEFENSE

The claims are barred by the doctrine of waiver.

### SIXTH DEFENSE

The claims are barred by the doctrine of *in pari delicto.*

### SEVENTH DEFENSE

The claims are barred by the doctrines of promissory and equitable estoppel.

### EIGHTH DEFENSE

The claims are barred by the doctrine of illegality.

### NINTH DEFENSE

The claims are barred by the doctrine of unclean hands.

### TENTH DEFENSE

The claims are barred because any alleged damages suffered by Defendant/Counter-Plaintiff were caused solely by his own acts or omissions and/or the acts or omissions of third parties.

## ELEVENTH DEFENSE

The claims are barred because Defendant/Counter-Plaintiff has failed to join necessary and indispensable parties.

## TWELFTH DEFENSE

Mr. Bassi reserves the right to rely upon any and all defenses available from the evidence presented at the trial of this action, and reserves the right to assert such defenses at that time.

## RELIEF SOUGHT

WHEREFORE, Mr. Bassi, have fully answered the Counterclaim, prays that the Counterclaim be dismissed with prejudice. Alternatively, Mr. Bassi requests that the Court enter judgment in his favor and against Defendant/Counter-Plaintiff Casey T. Patten, with attorney's fees and costs assessed against the Defendant/Counter-Plaintiff Casey T. Patten.

Respectfully submitted,

BODE & GRENIER, LLP

/s/ Eric D. Mitchell_____
Eric D. Mitchell (D.C. Bar No. 438607)
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, NW
Ninth Floor
Washington D.C. 20036
Phone: (202) 828-4100
Fax: (202) 828-4130

Attorney for Plaintiff/Counter-Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of September 2007, a copy of the foregoing Answer to Counterclaim was electronically sent to:

Steven J. McCool, Esquire
Dan McNamara, Esquire
Mallon & McCool, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006

/s/ Eric D. Mitchell
Eric D. Mitchell