UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **NEILL S. BASSI** | ) |
| | ) |
| Plaintiff/Counter-Defendant | ) |
| | ) |
| v. | )   Civil Action No.: 07-1277 (JDB) |
| | ) |
| **JARROD M. PATTEN** | ) |
| | ) |
| Defendant | ) |
| | ) |
| and | ) |
| | ) |
| **CASEY T. PATTEN** | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

**STIPULATION AND PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

For the purpose of protecting the legitimate interests of the parties to this proceeding against improper use and disclosure of confidential information submitted in response to party discovery requests in connection with this proceeding, and pursuant to stipulation by and between counsel, it is hereby ordered that:

1. As used in this Order, "confidential material" shall refer to any portion of any document that contains personal information or information covered by Rule 26(c)(7) of the Federal Rules of Civil Procedure, and by the cases construing it. "Document" shall refer to any discoverable writing or any transcript of oral testimony in the possession of a party.

2. The parties, in complying with discovery requests served upon them pursuant to the Federal Rules, may designate any portion of any document submitted in response to such discovery request as confidential material, including documents obtained by them from third parties pursuant

to discovery or as otherwise obtained. Such a designation shall constitute a representation by counsel to the Court that counsel believes that the material so designated may constitute confidential material as defined by paragraph 1 of this Order.

3. Documents and information identified in accordance with paragraph 2 of this Order shall be kept in strict confidence by the receiving party and their respective counsel and used by them exclusively in connection with this litigation.

4. Documents and information identified in accordance with paragraph 2 of this Order produced for the receiving party shall be disclosed only to the named defendants to this action, the named plaintiff to this action, their respective counsel of record, persons in the employ of the defendant who are involved in this litigation, and persons in the employ of counsel of record and under their direct supervision, including expert witnesses. No further disclosure may be made by the parties or their counsel absent further Order of the Court.

5. Should the parties desire to offer into evidence or submit to the Court any documents and information identified in accordance with paragraph 2 of this Order (whether in a discovery dispute, on the merits, or otherwise), any such documents or information shall be filed under seal with the Clerk of the Court in a container marked "Under Seal" and to which a copy of this Order shall be prominently appended.

6. If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of information that the parties have designated as subject to this Order pursuant to paragraph 2, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact the specific information designated pursuant to paragraph 2 of this Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes

or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, the words "Under Seal," and a statement substantially in the following form:

> "This envelope contains documents which are filed in this case by [name of party] and is not to be opened except pursuant to order of the Court."

7. Nothing in this Order should be taken as limiting the right of any party to offer documents and information identified in accordance with paragraph 2 of this Order into the record of this action in redacted form that deletes individually identifying information and from which the identity or identities of individual persons cannot be determined.

8. The documents and information described in paragraph 2 of this Order, and all copies of such material, shall be destroyed or returned to the producing party immediately upon the conclusion of this litigation.

9. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

Respectfully submitted,

/s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, NW Suite 200
Washington, DC 20006
(202) 393-7088 (telephone)
(202) 293-3499 (fax)

Attorney for Jarrod Patten and Casey Patten

/s/ Eric D. Mitchell
Eric D. Mitchell (D.C. Bar No. 438607)
Bode & Grenier, L.L.P.

3

        1150 Connecticut Avenue, N.W.
        Ninth Floor
        Washington, D.C.  20036
        (202) 828-4100
        (202) 828-4130 (fax)

        Counsel for Neill S. Bassi


        /s/ Angela D. Sheehan
        Angela D. Sheehan (D.C. Bar No. 420338)
        Gorman & Williams
        Two North Charles Street
        Suite 750
        Baltimore, MD 21201
        (410) 528-0600
        (410) 528-0602 (fax)

        Attorneys for Counter-Defendant Bassi



SO ORDERED this ___ day of December 2007,

        _____
        THE HONORABLE JOHN D. BATES
        UNITED STATES DISTRICT JUDGE