UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| NEILL S. BASSI ) | |
| ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Civil Action No.: 07-1277 (JDB) |
| ) | |
| JARROD M. PATTEN, et al. ) | |
| ) | |
|     Defendants. ) | |

**PLAINTIFF/COUNTER-DEFENDANT'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

Pursuant to this Court's January 7, 2008 Order and LCvR 7(b), Plaintiff/Counter-Defendant Neill S. Bassi ("Plaintiff"), through counsel, submits this memorandum of points and authorities in opposition to Defendants' Motion for Leave to File Third Party Complaint.

**I. Facts**

On January 14, 2007, Defendants were denied admission to a Georgetown bar. Defendant Casey T. Patten reacted by punching one of the bar's employees, Mike Hill. Defendant Jarrod M. Patten reacted by charging Plaintiff, another employee, grabbing his right arm and ripping it behind his back, injuring his shoulder.

After these events occurred, Greg Davis, another bar employee, physically subdued Jarrod M. Patten. Defendants seek leave to file a third party complaint against Greg Davis, claiming (i) that they are entitled to contribution and/or indemnification for any sums that may be awarded to Plaintiff for Defendants' actions, and (ii) that Greg Davis is liable to Jarrod Patten for tortious conduct. The Court should deny their request as the third party complaint fails to meet the requirements under FRCP 14(a).

1

**II.  Greg Davis' Liability is Not Dependent Upon the Outcome of Plaintiff's Claim**

Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the original action.

> Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim.

*Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003)(quoting *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir.1987)); accord *Stewart v. American Internat'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988)("Thus, a third party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto.").  Therefore, Rule 14 permits a defendant to join a nonparty only when the nonparty may be obligated to reimburse the defendant for some or all of that defendant's liability.  Baicker-McKee, et al., *Federal Civil Rules Handbook* 440 (2008 ed.).

Defendants have failed to state any legal or factual grounds for indemnification or contribution that would support a third-party action under Rule 14.  In this case, Defendants' third-party complaint against third-party defendant, Greg Davis, alleges various claims.  None of these causes of action, however, allege any coherent legal theory under which Greg Davis could be liable to indemnify Defendants for the claims brought in Plaintiff's original action.  Significantly, Defendants do not allege any facts in their third-party complaint that could prove that the third-party defendant, Greg Davis, was a joint tortfeasor in connection with the damages claimed by the Plaintiff.  Indeed, where an original plaintiff has no right of action against a third party, there can be no

contribution or indemnification entitling the defendant to join a third party. See *Chidel v. Hubbard*, 840 A.2d 689 (D.C. 2004)("An essential prerequisite for entitlement to contribution is that the parties be joint tortfeasors in the sense that their negligence concurred in causing harm to the injured party."). Defendants do not assert in their third party complaint that the proposed third-party defendant is a joint tortfeasor in causing harm to the Plaintiff and, therefore, the Defendants have no basis to implead the third-party defendant.

A close reading of the proposed Third-Party Complaint reveals that the real claims against the third-party defendant are based on alleged torts committed by the third-party defendant against the Defendants and have nothing to do with the claims of the Plaintiff. To the extent the Third-Party Complaint seeks relief for Defendants on account of the third-party defendant's alleged conduct (i) after Casey Patten punched another employee and (ii) after Jarrod Patten attacked Plaintiff, such relief is available independent of the outcome of the claims asserted by Plaintiff against Defendants. Rule 14 simply does not allow a defendant to implead a nonparty where, as here, the claims against the proposed third-party defendant are not related to the claims against the Defendants by the original Plaintiff.

### III.  Conclusion

Because Defendants' claims against Greg Davis, the proposed third-party defendant, do not relate to Plaintiff's claims against them and do not depend in any degree on the outcome of Plaintiff's original action against them, Defendants have failed to state any appropriate grounds for maintaining a third-party complaint against Greg Davis in this litigation.

WHEREFORE, based on the foregoing reasons, Plaintiff requests that the Court deny Defendants' Motion for Leave to File Third-Party Complaint.

    Respectfully submitted,

    BODE & GRENIER, LLP

    /s/ Eric D. Mitchell
    Eric D. Mitchell (D.C. Bar No. 438607)
    Bode & Grenier, L.L.P.
    1150 Connecticut Avenue, NW
    Ninth Floor
    Washington D.C. 20036
    Phone: (202) 828-4100
    Fax: (202) 828-4130
    Attorney for Plaintiff

    GORMAN & WILLIAMS

    /s/ Angela D. Sheehan
    Angela D. Sheehan (D.C. Bar No. 420338)
    Gorman & Williams
    Two North Charles Street
    Suite 750
    Baltimore, MD 21201
    (410) 528-0600
    (410) 528-0602 (fax)

    Attorneys for Counter-Defendant Bassi

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of January, 2008, a copy of the foregoing document was served by electronic filing upon:

Steven J. McCool, Esquire
Dan McNamara, Esquire
Mallon & McCool, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Attorneys for Defendants

    /s/
    Eric D. Mitchell

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **NEILL S. BASSI** | ) | |
| | ) | |
|     **Plaintiff/Counter-Defendant,** | ) | |
| | ) | |
|     v. | ) | Civil Action No.: 07-1277 (JDB) |
| | ) | |
| **JARROD M. PATTEN, et al.** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## ORDER

UPON CONSIDERATION of the Defendants' Motion for Leave to File Third Party Complaint, Plaintiff's response thereto, it is this _____ day of _____, 2008, hereby

ORDERED that the Motion for Leave to File Third Party Complaint is hereby DENIED.

_____
JOHN D. BATES
UNITED STATES DISTRICT JUDGE

1

cc
Eric D. Mitchell, Esq.
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, NW
Ninth Floor
Washington D.C. 20036

Angela D. Sheehan, Esq.
Gorman & Williams
Two North Charles Street
Suite 750
Baltimore, MD 21201

Steven J. McCool, Esq.
Mallon & McCool, LLC.
1776 K Street, N.W.
Suite 200
Washington D.C. 20006