UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **NEILL S. BASSI,** | * | |
| Plaintiff/Counter-Defendant, | * | |
| v. | * | **Civil Action No.: 07-1277 (JDB)** |
| **JARROD M. PATTEN,** | * | |
| Defendant, | * | |
| and | * | |
| **CASEY T. PATTEN,** | * | |
| Defendant/Counter-Plaintiff. | * | |
| * * * * * * * | | |
| **JARROD M. PATTEN** | * | |
| **Defendant/Third-Party Plaintiff** | * | |
| and | * | |
| **CASEY T. PATTEN** | * | |
| Defendant/Counter-Plaintiff/ Third-Party Plaintiff | * | |
| v. | * | |
| **GREG DAVIS** 4257 Main Street, Apt. #3 Philadelphia, PA 19127 | * * | |
| **Third-Party Defendant** | * | |
| * * * * * * * * * * * * | | |

## THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff Jarrod M. Patten and Defendant/Counter-Plaintiff/Third-Party Plaintiff Casey T. Patten, by and through their undersigned counsel, pursuant to Rule 14 of

1

the Federal Rules of Civil Procedure, hereby file this Third-Party Complaint against Greg Davis, Third-Party Defendant, and allege:

## Jurisdiction and Venue

Jurisdiction in this matter is founded on supplemental jurisdiction pursuant to § 1367(a).

## Facts Common To All Counts

1.  On or about January 14, 2007, Casey Patten and Jarrod Patten went to Smith Point, located in the District of Columbia, prior to the time this establishment was scheduled to close.

2.  Neill Bassi, a Smith Point employee, and another man were standing inside the doorway of Smith Point.

3.  Casey Patten did not cross the threshold of Smith Point.

4.  Jarrod Patten did not cross the threshold of Smith Point.

5.  Casey Patten and Jarrod Patten asked to enter Smith Point so they could join their friends who were already inside.

6.  Mr. Bassi and another man told Casey Patten and Jarrod Patten that Smith Point was closed.

7.  Casey Patten and Jarrod Patten advised Mr. Bassi and the other man that Smith Point remains open until 3:00 a.m.

8.  Jarrod Patten asked Mr. Bassi and the other man to notify his friend, the owner of Smith Point that he was at the door.

9.  Mr. Bassi and the other man responded by taunting Jarrod and Casey Patten.

10. Mr. Bassi told Jarrod Patten, who along with Casey Patten was standing outside in the rain, to contact the owner of Smith Point himself.

11. Words were exchanged between the Pattens and Mr. Bassi and the other man, but at no point did Jarrod or Casey Patten taunt these men.

12. Neither Jarrod Patten nor Casey Patten attempted to force their way inside Smith Point.

13. Casey Patten engaged in an altercation with a Smith Point employee. Jarrod Patten was looking down at his phone, looking for the Smith Point owner's telephone number. Greg Davis, a Smith Point employee, without any just cause or provocation on the part of Jarrod Patten, charged Jarrod Patten and tackled him and drove him into the ground. During the ensuing mayhem created by Greg Davis and other Smith Point employees, including Mr. Bassi, Mr. Bassi allegedly sustained injuries.

14. Mr. Davis violently assaulted and battered Mr. Patten causing Mr. Patten to sustain injuries about his face and body.

15. Greg Davis tackled Jarrod Patten into a tree adjacent to O Street.

16. Greg Davis's outrageous, reckless and unreasonable conduct fostered the environment and escalated the incident that led to Mr. Bassi's alleged injuries.

17. These injuries were caused by Mr. Davis.

## COUNT I
### (Contribution and/or Indemnification from Greg Davis)

18. Third-Party Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1 through 17 with the same effect as if fully set forth herein.

19. Third-Party Plaintiffs have been sued by the original Plaintiff/Counter-Defendant, who alleges negligence, assault/transferred intent, battery, assault and intentional infliction of emotional distress stemming from an alleged incident that occurred on January 14, 2007.

20. Plaintiff alleges that the alleged causes of action described in Paragraph 19 caused serious injuries and damages to him including serious and permanent bodily injuries, past and future medical expenses, suffering great pain of body and mind, and various other damages.

21. Third-Party Defendant Greg Davis was negligent in failing to maintain control of himself and to behave in a reasonable manner, with due regard for the safety of others. Mr. Davis breached these duties which he owed to Messrs. Bassi and Casey and Jarrod Patten.

22. As a result of Third-Party Defendant's actions or inactions, the Defendants/Third-Party Plaintiffs have been and will be forced to incur litigation costs.

23. If the allegations in the Complaint are true, which allegations against these Defendants/Third-Party Plaintiffs are expressly denied, than such are the sole result of the Third-Party Defendant's acts of negligence, assault, battery, assault/transferred intent and/or intentional infliction of emotional distress.

24. In the event that the Defendants/Third-Party Plaintiffs are found to be liable to the original Plaintiff, then the Defendants/Third-Party Plaintiffs are entitled to contribution and/or indemnification from the Third-Party Defendant as to all sums which may be found due and owing from the Defendants/Third-Party Plaintiffs to the original Plaintiff.

WHEREFORE, the Defendants/Third-Party Plaintiffs demand judgment against the Third-Party Defendant for contribution and/or indemnification for any such sums that may be awarded against the Defendants/Third-Party Plaintiffs in favor of the original Plaintiff, plus expenses of litigation, including reasonable attorneys' fees and costs.

## COUNT II
**(Assault-Greg Davis as to Jarrod M. Patten)**

25. Third-Party Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 17 with the same effect as if fully set forth herein.

26.     Third-Party Defendant assaulted Third-Party Plaintiff Jarrod Patten in that he committed an intentional and unlawful threat or attempt, by words and by acts, to physically harm Third-Party Plaintiff. It reasonably appeared to Third-Party Plaintiff that Third-Party Defendant had the present ability to physically harm him, and his display of force reasonably caused to fear imminent bodily harm.

27.     As a direct and proximate result of Third-Party Defendant's assault of Third-Party Plaintiff, as aforesaid, Third-Party Plaintiff sustained bodily injuries and damages.

28.     The acts of Third-Party Defendant, as aforesaid, were intentional, malicious, or willful.

WHEREFORE, Third-Party Plaintiff demands judgment against Third-Party Defendant in an amount to be determined at trial for compensatory damages and punitive damages, plus costs and interest.

## COUNT III
### (Battery – Greg Davis as to Jarrod Patten)

29.     Third-Party Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 17 with the same effect as if fully set forth herein.

30.     Third-Party Defendant's conduct constituted an intentional and unlawful, harmful, and offensive touching and use of force upon Third-Party Plaintiff by Third-Party Defendant.

31.     As a direct and proximate result of Third-Party Defendant's conduct, as aforesaid, Third-Party Plaintiff sustained bodily injuries and damages.

32.     The acts of Third-Party Defendant, as aforesaid, were intentional, malicious, or willful.

WHEREFORE, Third-Party Plaintiff demands judgment against Third-Party Defendant in an amount to be determined at trial for compensatory damages and punitive damages, plus costs and interest.

## COUNT IV
**(Negligence – Greg Davis as to Jarrod Patten)**

33. Third-Party Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 17 with the same effect as if filly set forth herein.

34. At all times relevant hereto, Third-Party Defendant owed a continuing duty to maintain control of himself and to behave in a reasonable manner, with due regard for the safety of others, including Third-Party Plaintiff.

35. Third-Party Defendant breached the duties which he owed to Third-Party Plaintiff by conducting himself as aforesaid.

36. As a direct and proximate result of the negligence of Third-Party Defendant, as aforesaid, Third-Party Plaintiff sustained bodily injuries and damages.

37. All such injuries and damages were caused solely by the negligence of Third-Party Defendant, without any negligence of the Third-Party Plaintiff contributing whatsoever.

WHEREFORE, Third-Party Plaintiff demands judgment against Third-Party Defendant in an amount to be determined at trial in compensatory damages, plus costs and interest.

>Respectfully submitted,
>
>_____/s/_____
>STEVEN J. McCOOL
>D.C. Bar No. 429369
>DANIEL McNAMARA
>D.C. Bar No. 494834
>MALLON & McCOOL, LLC
>1776 K Street, N.W., Suite 200
>Washington, D.C. 20006
>202-393-7088
>
>Counsel for Casey and Jarrod Patten

## **JURY DEMAND**

Third-Party Plaintiffs demand a trial by jury on all issues.


_____/s/_____
STEVEN J. McCOOL

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of January 2008, the foregoing was filed electronically and to the best of my knowledge, information and belief, the Plaintiff/Counter Defendant will be notified through the Electronic Case Filing System.

                                          _____/s/_____
                                          STEVEN J. McCOOL