UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| NEILL S. BASSI, )<br>)<br>   Plaintiff/Counter-Defendant, )<br>)<br>   v. )<br>)<br>JARROD M. PATTEN, )<br>)<br>   Defendant, )<br>)<br>   and )<br>)<br>CASEY T. PATTEN, )<br>)<br>   Defendant/Counter-Plaintiff. )<br>)<br>_____ )<br>)<br>JARROD M. PATTEN )<br>)<br>   Defendant/Third-Party Plaintiff )<br>)<br>and )<br>)<br>CASEY T. PATTEN )<br>)<br>   Defendant/Counter-Plaintiff/ )<br>   Third-Party Plaintiff )<br>)<br>   v. )<br>)<br>GREG DAVIS )<br>)<br>   Third-Party Defendant ) | Civil Action No.: 07-1277 (JDB) |

DEFENDANT/THIRD-PARTY PLAINTIFF JARROD PATTEN'S
<u>MOTION FOR EXTENSION OF DISCOVERY DEADLINE</u>

1

Defendant/Third-Party Plaintiff ("Third Party Plaintiff") Jarrod M. Patten, by and through undersigned counsel, respectfully moves this Honorable Court for an extension of the discovery deadline and sets forth as follows:

1. On January 11, 2008, Jarrod M. Patten and Casey Patten filed a Third-Party Complaint against Third-Party Defendant Greg Davis.

2. Since that time, the Third-Party Plaintiffs have diligently tried to serve Mr. Davis. Process servers with Kroll, Inc. attempted service at Mr. Davis' last known address approximately eight times between January 30, 2008 and February, 14 2008. Kroll Inc.'s process servers were unsuccessful. An email from Anthony Correll, outlining these efforts, is attached as Exhibit "A" and incorporated herein by reference.

3. Between February 26, 2008 and March 3, 2008 process server Richard Ehrlich attempted service three more times at Mr. Davis' last known address and once at his last known place of business. The receptionist at his last known place of business informed Mr. Ehrlich that Mr. Davis no longer works at that location and may have moved out of state. An affidavit from Richard Ehrlich, outlining his efforts, is attached as Exhibit "B" and incorporated herein by reference.

4. Discovery in this matter is set to close on March 31, 2008. Undersigned counsel contacted Plaintiff/Counter Defendant Neil Bassi's counsel and inquired as to their position on extending the discovery deadline. Eric Mitchell, Esquire, indicated that Mr. Bassi opposed the extension.

5. Local Rule 16.4 of the United States District Court for the District of Columbia provides that the court may modify a scheduling order at any time upon a showing of good cause. The primary consideration in determining good cause is the

diligence of the party seeking the extension. *Dag Enterprises, Inc. v. Exxon Mobile Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005).

      6.    Mr. Patten has good cause for requesting an extension of the March 31, 2008 discovery deadline. He will be unable to pursue discovery against Mr. Davis if the deadline is not extended. Mr. Patten has clearly been diligent in pursuing Mr. Davis' service. Two separate process servers have attempted service over ten times. In a separate motion, filed concurrently with this one, Mr. Patten has requested that the United States Marshals Service pursue Mr. Davis' service.

      WHEREFORE, Jarrod M. Patten respectfully requests entry of an Order extending the discovery deadline in this matter.

      _____/s/_____
DANIEL T. MCNAMARA
MALLON & McCOOL, LLC
1776 K Street, NW
Suite 200
Washington, D.C. 20006
202 393-7088

Attorneys for Defendant/Third-Party Plaintiff Jarrod M. Patten

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March 2008, the foregoing was filed electronically and, to the best of my knowledge, information and belief, all parties will be notified through the Electronic Case Filing System.

_____/s/_____
DANIEL T. MCNAMARA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| NEILL S. BASSI, ) | |
| ) | |
|    Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Civil Action No.: 07-1277 (JDB) |
| ) | |
| JARROD M. PATTEN, ) | |
| ) | |
|    Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| CASEY T. PATTEN, ) | |
| ) | |
|    Defendant/Counter-Plaintiff. ) | |
| _____ ) | |
| ) | |
| JARROD M. PATTEN ) | |
| ) | |
|    Defendant/Third-Party Plaintiff ) | |
| ) | |
| and ) | |
| ) | |
| CASEY T. PATTEN ) | |
| ) | |
|    Defendant/Counter-Plaintiff/ ) | |
|     Third-Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| GREG DAVIS ) | |
| ) | |
|    Third-Party Defendant ) | |

## ORDER

Having considered Defendant/Third-Party Plaintiff Jarrod M. Patten's Motion for Extension of Discovery Deadline, any response thereto, and the entire record in this matter, it is hereby**:**

5

ORDERED, that Defendants' Motion is GRANTED; and

It is further ORDERED that the discovery deadline shall be extended to _____ .

_____
THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT COURT JUDGE

## Daniel T. McNamara

**From:** Correll, Anthony [acorrell@Kroll.com]
**Sent:** Tuesday, March 04, 2008 1:09 PM
**To:** Daniel T. McNamara
**Subject:** Per your request

Between approximately January 30, 2008, and February 14, 2008, Kroll employees Anthony Correll and Jonathan Roadman jointly or independently attempted to serve the defendant, Greg Davis ("Davis"), with a summons. Kroll made attempts to serve the defendant on approximately eight separate occasions.

Kroll attempted to serve the defendant between 6 p.m. and 9 p.m. during the week and between 12:00 p.m. and 3:00 p.m. on the weekend. Davis lived in a large row home that had been converted into apartments. It was possible to get into the lobby of the building but not to his apartment without being allowed access by a tenant. Kroll was allowed access by another tenant who was entering the building at the same time and made it to the defendant's door although no one answered.

After multiple failed attempts, Kroll placed calls to the defendant's cell phone notifying him of attempts to deliver legal documents to his residence and requested a return call. Kroll's telephone calls were not returned.

To the best of my knowledge, the above statements are true and factual.

Anthony C. Correll

**Kroll** | 1628 JFK Blvd., Suite 1600, Philadelphia, PA 19103
Phone: (215) 568-8275  Fax: (215) 568-7270  Cell: (215) 435-8963
acorrell@kroll.com | www.kroll.com

This communication contains information that is confidential, proprietary in nature, and may also be attorney-client privileged and/or work product privileged. It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) or the person responsible for delivering it to the intended recipient(s), please note that any form of dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify the sender and delete the original communication. Thank you for your cooperation.

Please be advised that neither Kroll, its affiliates, its employees or agents accept liability for any errors, omissions or damages caused by delays of receipt or by any virus infection in this message or its attachments, or which may otherwise arise as a result of this e-mail transmission.

3/10/2008

**EXHIBIT A**

Steven J. McCool, Esquire
Mallon & McCool
1776 K St., NW ste. 200
Washington, DC 20006
202-393-7088

U.S. District Court
District of Columbia

Neil S. Bassi

V.                                                              Case No.: 07-1277

Greg Davis                                          AFFIDAVIT OF NON-SERVICE
_____/

Commonwealth of Pennsylvania
County of Philadelphia    ss.

I, **Richard Ehrlich**, being duly sworn according to law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age and have no direct personal interest in this litigation.

I hereby certify and return that on **03/03/2008** at **11:00 AM**, I completed due and diligent attempts to serve **Greg Davis, 4257 Main St., Philadelphai, PA 19127**. I therefore return this **Summons; Complaint** without service upon **Greg Davis**. Diligent attempts were made per the following notations:

**Attempted 2-26-08 At 6:50 PM, this is a 3 story apartment building, no names listed on buzzers, there are mailboxes, but none have the defendants name on them. I rang all 8 buzzers, there was no answer. Attempted 2-29-08 at 7:00 PM, 3-1-08 at 8:30 AM, 3-2-08 at 2:20 PM – rang all buzzers, no answer. Attempted at work address of 700 Old Marble Road, Springfield, PA 19064, 3-3-08 at 11:AM, I was told by the receptionist that Mr. Davis no longer works at GAP International. She believes he moved out of state but she does not know where.**

I hereby affirm that the information contained in the Affidavit of Non-Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

Signed and sworn to before me on
this _____ day of _____, 20____.

_____
Notarial Seal
Regina A. Richman, Notary Public
Falls Twp., Bucks County
My Commission Expires: December 12, 2009.

X _____
Richard Ehrlich
Dennis Richman Services for the Professional, Inc.
1500 JFK Boulevard, Suite 1706
Philadelphia, PA 19102
215.977.9393

**2073**

EXHIBIT
B