UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **NEILL S. BASSI** ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Civil Action No.: 07-1277 (JDB) |
| ) | |
| **JARROD M. PATTEN, et al.** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF/COUNTER-DEFENDANT'S RESPONSE TO
DEFENDANT/THIRD-PARTY PLAINTIFF JARROD PATTEN'S
MOTION FOR EXTENSION OF DISCOVERY DEADLINE**

Pursuant to this Court's March 14, 2008 Order and LCvR 7(b), Plaintiff/Counter-Defendant Neill S. Bassi ("Plaintiff"), through counsel, submits this response to Defendant/Third-Party Plaintiff Jarrod Patten's Motion for Extension of Discovery Deadline.

**I.  Statement of the Case**

Plaintiff filed his Complaint against Jarrod Patten and Casey Patten on July 18, 2007.  After receiving the initial report from the parties, the Court held an initial Scheduling Conference on October 3, 2007, after which it entered a Scheduling Order, which limited the time to amend pleadings or join other parties to January 4, 2008, and ordered Discovery to be completed by not later than March 31, 2008.  *See* Exhibit 1.

On November 16, 2007, Plaintiff served Jarrod Patten with his answers to interrogatories, in which he identified Greg Davis as a material witness.  Seven weeks later -- on January 4, 2008 -- Jarrod Patten moved for leave to file a third-party complaint against Greg Davis.  During those seven weeks, Jarrod Patten took no depositions, and

1

propounded no written discovery. Jarrod Patten now seeks an extension of the discovery deadline because he "diligently", but unsuccessfully, tried to serve Greg Davis.

The record belies Jarrod Patten's claim of diligence. Jarrod Patten has not shown good cause to modify the Scheduling Order. Because "[a] scheduling order 'is not a frivolous piece of paper idly entered, which can be cavalierly disregarded by counsel without peril,' *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 610 (9th Cir.1992), Jarrod Patten's motion to extend the discovery deadline should be denied, except to allow Plaintiff to receive Defendants' outstanding expert witness reports, and depose Defendants' experts.

## II.  Jarrod Patten's Lack of Diligence Does Not Justify Extending Discovery.

Jarrod Patten asserts that since he filed his Third-Party Complaint, "Third-Party Plaintiffs have diligently tried to serve Mr. Davis." Def.'s Mot. at 2. This is nonsense.

The exhibits to Jarrod Patten's motion indicate that he did not begin trying to serve Greg Davis until January 30, 2008, nearly three weeks after he sued Greg Davis. Jarrod Patten's delay in attending to this case is not without precedent.

After Jarrod Patten received the Scheduling Order on October 3, 2007, he waited until the last minute – January 4, 2008 – to move for leave to join Greg Davis as party. Having skirted that deadline, and filed a Third-Party Complaint against Greg Davis on January 11, 2008, Jarrod Patten waited twenty more days before attempting service on Greg Davis.  Jarrod Patten's inaction is the antithesis of diligence.

**III.  The Process Server's Email About What Happened Between January 30 and February 14, 2008 Is Vague.**

Exhibit A to Jarrod Patten's motion is an email from Anthony Correll of Kroll Inc. about attempts to serve Greg Davis between January 30 and February 14.  The email's vagueness is striking.

The email does not specify the dates or actual times that a process server went to Mr. Davis' residence.  The email does not identify the exact times when the process server visited Mr. Davis' residence.  The email does not indicate that Kroll Inc. performed any surveillance of Mr. Davis' residence or any investigation into Mr. Davis's whereabouts.  Exhibit A does not reflect that Jarrod Patten exercised meticulous care in attempting to complete service.  *See Despain v. Salt Lake Area Metro Gang Unit*, 13 F. 3d 1436, 1438 (10th Cir. 1994).

**IV.  Exhibit B Reflects Inadequate Attempts to Serve Greg Davis**

Exhibit B to Jarrod Patten's motion -- Richard Ehrlich's Affidavit of Non-Service -- reflects that Mr. Ehrlich visited Greg Davis' home address at 6:50 pm on Tuesday, February 26, 2008, when Mr. Davis was likely as work.  Exhibit B also reflects that Mr. Ehrlich visited Greg Davis' residence during <u>one</u> weekend, when Greg Davis was least likely to be home.  More specifically, Mr. Ehrlich swears he visited Greg Davis' residence on Friday, February 29, 2008 at 7:00 pm, on Saturday, March 1, at 8:30 am, and on Sunday, March 2, at 2:20 pm.   Lastly, Mr. Ehrlich visited Mr. Davis' place of work on Monday, March 3, in an effort to find, Mr. Davis, to no avail.

Mr. Ehrlich's four efforts over six days do not constitute diligence.

## V.  An Open Ended Extension of Discovery Defeats the Purpose of a Scheduling Order and Prejudices Plaintiff

Jarrod Patten seeks an indefinite extension of discovery so that he can pursue Greg Davis, whom he belatedly brought into the case and belatedly tried to serve.  Such disregard for the Scheduling Order, as this Court recognized, "undermines the court's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and rewards the indolent and cavalier.  *St. Paul Mercury Insurance v. Capitol Sprinkler Inspection, Inc.*, 2007 WL 1589495 (D.D.C.) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).

Jarrod Patten learned about Greg Davis in November 2007.  He had plenty of time to sue Greg Davis and serve him.  Jarrod Patten's half-hearted pursuit of Greg Davis should not be permitted to derail Plaintiff's diligent prosecution of Jarrod Patten and Casey Patten.  For that reason, the Court should decline Jarrod Patten's request for an indefinite extension of discovery.

## VI.  Discovery Should Be Extended So That Plaintiff Can Obtain Defendants' Expert Reports and Depose Those Experts.

Defendants filed a Preliminary Joint Rule 26(a)(2) Statement identifying two expert witnesses on February 15, 2008.  No reports accompanied that filing.  Since that filing, Plaintiff has been examined by one defense expert, Stephen W. Siebert, M.D., but Plaintiff has not received Dr. Siebert's report.   The defense's second expert witness, Robert O. Gordon, M.D., will examine Plaintiff on March 25, 2008.

Plaintiff submits that discovery should be extended for the limited purpose of

(a) allowing Plaintiff to receive Defendants' expert reports; and

(b) allowing Plaintiff to depose Defendants' two experts.

**VII.  Conclusion**

Jarrod Patten's claims of diligence in pursuing his Third-Party Complaint ring hollow on this record.   For the foregoing reasons, Plaintiff requests that the Court deny Jarrod Patten's Motion for Extension of Discovery Deadline, but extend discovery for thirty days for the limited purpose of allowing Plaintiff to collect Defendants' expert witness reports and depose Defendants' expert witnesses.

Respectfully submitted,

BODE & GRENIER, LLP

/s/_____
Eric D. Mitchell (D.C. Bar No. 438607)
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, NW
Ninth Floor
Washington D.C. 20036
Phone: (202) 828-4100
Fax: (202) 828-4130
Attorney for Plaintiff

GORMAN & WILLIAMS

/s/_____
Angela D. Sheehan (D.C. Bar No. 420338)
Gorman & Williams
Two North Charles Street, Suite 750
Baltimore, MD 21201
(410) 528-0600
(410) 528-0602 (fax)
Attorneys for Counter-Defendant Bassi

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of March, 2008, a copy of the foregoing document was served by electronic filing upon:

Steven J. McCool, Esquire
Dan McNamara, Esquire
Mallon & McCool, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Attorneys for Jarrod M. Patten

Barry Coburn, Esquire
Jeff Coffman, Esquire
Coburn & Coffman, PLLC
1244 19th Street, N.W.
Washington, D.C. 20036
Attorneys for Casey Patten

                                                                                           /s/
                                                                       Eric D. Mitchell

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **NEILL S. BASSI** ) | |
| ) | |
| **Plaintiff/Counter-Defendant,** ) | |
| ) | |
| v. ) | **Civil Action No.: 07-1277 (JDB)** |
| ) | |
| **JARROD M. PATTEN, et al.** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

UPON CONSIDERATION of Jarrod M. Patten's Motion for Extension of Discovery Deadline, Neill S. Bassi's response thereto, and the entire record, it is this

_____ day of _____, 2008, hereby

ORDERED that Jarrod M. Patten's Motion for Extension of Discovery Deadline is hereby DENIED; and it is further

ORDERED that the discovery deadline shall be extended for thirty days – to April 30, 2008 -- for the limited purpose of allowing Plaintiff to depose Defendants' expert witnesses, who shall produce their reports to Plaintiff forthwith.

_____
JOHN D. BATES
UNITED STATES DISTRICT JUDGE

cc
Eric D. Mitchell, Esq.
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, NW
Ninth Floor
Washington D.C. 20036

Angela D. Sheehan, Esq.
Gorman & Williams
Two North Charles Street
Suite 750
Baltimore, MD 21201

Steven J. McCool, Esq.
Mallon & McCool, LLC.
1776 K Street, N.W.
Suite 200
Washington D.C. 20006

Barry Coburn, Esq.
Jeff Coffman, Esq.
Coburn & Coffman, PLLC
1244 19th Street, N.W.
Washington, D.C. 20036