UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEILL S. BASSI, </br></br> Plaintiff/Counter-Defendant, </br></br> v. </br></br> JARROD M. PATTEN, </br></br> Defendant, </br></br> and </br></br> CASEY T. PATTEN, </br></br> Defendant/Counter-Plaintiff. </br></br>———————————————— </br></br> JARROD M. PATTEN </br></br> Defendant/Third-Party Plaintiff </br></br> and </br></br> CASEY T. PATTEN </br></br> Defendant/Counter-Plaintiff/ </br> Third-Party Plaintiff </br></br> v. </br></br> GREG DAVIS </br></br> Third-Party Defendant | Civil Action No.: 07-1277 (JDB) |

### JARROD PATTEN'S REPLY TO NEIL BASSI'S RESPONSES TO HIS MOTIONS TO EXTEND DISCOVERY AND FOR SERVICE BY THE U.S. MARSHAL'S SERVICE

Jarrod M. Patten, by and through counsel, respectfully submits the following in reply to Neil Bassi's responses to Mr. Patten's motions to extend discovery in this case and for service of the third-party complaint on Greg Davis by the U.S. Marshal's Service.

1

After Jarrod Patten was served with the Complaint in this case, Jarrod and Casey Patten retained undersigned counsel to represent them jointly in this matter. On August 1, 2007, counsel called Mr. Bassi's attorney, Eric Mitchell, Esquire, introduced himself and offered to accept service of the Complaint on behalf of Casey Patten.

On October 3, 2007, the Court held a scheduling conference in this case. The Court ordered that new parties could be a brought into this case on or before January 4, 2008. The Court also, among other things, ordered discovery to close on March 31, 2008.

On the same date, undersigned counsel served, by hand on Mr. Mitchell, Jarrod Patten's interrogatories and requests for production of documents. On November 1, 2007, Mr. Mitchell contacted undersigned counsel and requested a one-week extension to respond to these discovery requests. Undersigned counsel advised Mr. Mitchell to take two weeks if he would like. Mr. Mitchell was also very generous in accommodating the schedule of undersigned counsel's schedule and his clients' schedules. Given the collegiality that has been demonstrated up until now by all parties, counsel is taken aback by the tone of opposing counsels' responses.

After receiving Mr. Bassi's discovery responses, undersigned counsel actively investigated this case. After much deliberation, it became clear that Greg Davis was a necessary party in this case. Undersigned counsel believed he would be remiss if he did not file a third-party complaint in this case. Thus, on January 4, 2008, Jarrod Patten timely moved this Court for leave to file a third-party complaint against Mr. Davis.[1]

---

[1] This decision proved to be a correct one, in light of the depositions of Andy Taylor and other eyewitnesses. Mr. Taylor testified that Mr. Davis viciously attack Jarrod Patten. *See* Exhibit 1. Although Mr. Bassi alleges that Jarrod Patten somehow grabbed his arm and wrenched it behind his back, no eyewitness has corroborated Mr. Bassi's claim. It is becoming increasingly clear that, should Mr. Patten somehow be found liable, any reasonable jury would return a judgment against Mr. Davis for contribution and/or indemnification for any sums that may be awarded against Mr. Patten.

Mr. Patten attached the third-party complaint to his motion. Rule 14 of the Federal Rules of Civil Procedure prohibited Mr. Patten from filing his third-party complaint with the Clerk of the Court on January 4, 2008.

Mr. Patten's investigator attempted to locate Mr. Davis through database research on January 3, 2008, in the event the Court granted Mr. Patten's motion for leave. *See* Exhibit 2. He learned that Mr. Davis had moved from Washington, D.C. to Philadelphia, Pennsylvania. *Id.* On January 4, 2008, Mr. Patten's investigator contacted Mr. Davis at his place of employment and advised him that he may have papers to serve on him. *Id.*[2]

After the Court granted Mr. Patten's motion on January 11, 2008, undersigned counsel attempted to identify a process server near Mr. Davis' place of employment in Delaware County, Pennsylvania. When those efforts failed, undersigned counsel enlisted the services of Kroll, Inc., located in Philadelphia, Pennsylvania. After Kroll's eight (8) attempts to serve Mr. Davis failed, undersigned counsel retained the services of Richard Ehrlich, who also failed in his five (5) attempts to serve Mr. Davis at his home and place of employment.[3]

On March 10, 2008, Mr. Patten moved this Court to have process served by the U.S. Marshal's Service. Thereafter, undersigned counsel continued his efforts to locate Greg Davis.

---

[2] It did not appear necessary to provide this information to the Court in our initial pleading; however, given the tone of the responses from Mr. Bassi's attorneys, undersigned counsel believes all relevant facts should be put before the Court.

[3] On January 17, 2008, the day before Casey Patten's deposition, undersigned counsel came to the regrettable conclusion that he could no longer represent Jarrod and Casey Patten jointly. With the assistance of undersigned counsel, Casey Patten attempted to retain substitute counsel. Barry Coburn, Esquire kindly agreed to serve as Casey Patten's lawyer. Any claim that Casey Patten has shirked his discovery obligations is meritless.

At a deposition on March 11, 2008, a witness testified that Mr. Davis has moved back to Washington, D.C.[4]

Given the facts set forth here and in our initial pleadings, we respectfully submit that it cannot be fairly said that undersigned counsel's "claims of diligence … ring hollow…." *See* Neil Bassi's Response, at 5. Notwithstanding, Mr. Bassi has not, because he cannot, demonstrate any prejudice to his case, if the Court grants Mr. Patten's motions. Mr. Patten does not expect an "indefinite" extension of discovery. *Id.* at 4. Undersigned counsel anticipates that the U.S. Marshal's Service will locate Mr. Davis in short order.

Wherefore, for the reasons stated herein and in our earlier submissions to the Court, Mr. Patten asks the Court to grant his motions to extend discovery in this case and for service of the third-party complaint on Greg Davis by the U.S. Marshal's Service.

                                                            Respectfully submitted,

                                                             _____/s/_____
                                                             STEVEN J. McCOOL
                                                             D.C. Bar No. 429369
                                                             MALLON & McCOOL, LLC
                                                             1776 K Street, N.W., Suite 200
                                                             Washington, D.C. 20006
                                                             202-393-7088

                                                             Counsel for Jarrod Patten

---

[4] Undersigned counsel does not yet have a transcript of this deposition.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 19th day of March 2008, the foregoing was filed electronically and to the best of my knowledge, information and belief, Neil Bassi's attorneys will be notified through the Electronic Case Filing System.

                                                           _____/s/_____
                                                           STEVEN J. McCOOL

1

```
 1
 2            UNITED STATES DISTRICT COURT
 3            FOR THE DISTRICT OF COLUMBIA
 4                   CIVIL DIVISION
 5    - - - - - - - - - - - - - - - - x
      NEILL S. BASSI                  )
 6    Plaintiff/Counter-Defendant     )
         vs.                          )            COPY
 7    JARROD M. PATTEN                )
      Defendant                       )
 8    and                             )
      CASEY T. PATTEN                 )
 9    Defendant/Counter-Plaintiff     )
      _____)
10    JARROD M. PATTEN                )
      Defendant/                      )
11    Third-Party Plaintiff           )
      and                             )
12    CASEY T. PATTEN                 )
      Defendant/Counter-Plaintiff/    )
13    Third-Party Plaintiff           )
         vs.                          )
14    GREG DAVIS                      )
      Third-Party Defendant           )
15    - - - - - - - - - - - - - - - -x
16          Deposition of Andrew C. Taylor
17                  Washington, D.C.
18              Monday, February 11, 2008
19                      3:08 p.m.
20    Job No. 121975                              EXHIBIT
21    Pages:  1-101                                  1
22    Reported by:  Bonnie Russo
```



L.A.D. REPORTING & DIGITAL VIDEOGRAPHY

1100 Connecticut Avenue, NW • Suite 850, Washington, D.C. 20036
Tel: 202.861.3410 • 800.292.4789 • Fax: 202.861.3425
Web: ladreporting.com • E-mail: lisa@ladreporting.com
Additional Offices: Rockville, MD • Baltimore, MD • Greenbelt, MD • McLean, VA

DEPOSITION OF ANDREW C. TAYLOR
CONDUCTED ON MONDAY, FEBRUARY 11, 2008

25

1   Q.   All right. While you were trying to
2   calm down Casey, were you able to see what
3   Jarrod was doing?
4   A.   No.
5   Q.   Did you hear Jarrod talking while
6   you were trying to calm down Casey?
7   A.   I don't recall.
8   Q.   Okay. Where was Bo while you were
9   trying to calm down Casey?
10  A.   I think he was in front -- I think
11  he was with his guys trying to do the same
12  thing. I remember Bo being -- like I was here,
13  Bo being back behind me.
14  Q.   Was it kind of -- was Bo within
15  arm's reach of you or further than that?
16  A.   I think I was probably five yards
17  kind of out, you know.
18  Q.   Okay. And --
19  A.   I mean, that's just a guess. But...
20  Q.   When you stepped out onto the O
21  Street sidewalk, was Casey Patten standing when
22  you arrived there?

DEPOSITION OF ANDREW C. TAYLOR
CONDUCTED ON MONDAY, FEBRUARY 11, 2008

26

1    A.    Yes.
2    Q.    Did you see Casey Patten at any time
3    when you stepped out through the O Street door
4    on the ground being kicked by door guys?
5    A.    I do remember him being on the
6    ground. It was -- there was -- after that
7    original incident I had kind of broke it up, it
8    initiated again. There was a second round.
9    Q.    What happened?
10   A.    Casey actually got away -- got
11   around me and actually, as I recall. Went up
12   and I think he might have just kind of slapped
13   the one guy slightly across the face. It
14   wasn't anything big, but it was enough to
15   actually call him up. He yells for -- one
16   other guy either sees it and goes down and
17   gets -- goes, again, gets some other guys and
18   that's when we're just kind of on the side.
19         He kind of backs off. Everything
20   seems like it's going to calm down at that
21   stage. And then this -- this is when I
22   remember Jarrod. Because then this mammoth guy

Case 1:07-cv-01277-JDB   Document 27-2   Filed 03/19/2008   Page 4 of 4
DEPOSITION OF ANDREW G. TAYLOR
CONDUCTED ON MONDAY, FEBRUARY 11, 2008

27

1   comes out of the bar and Jarrod is back against
2   the wall -- kind of like he's against a --
3   against the -- either the wall and then there's
4   like this glass facade that has like a -- it's
5   like a store and he's kind of in the corner.
6   And there are definitely people surrounding.  I
7   mean, he's around other people and he's
8   talking.  Seems very calm.  And this guy just
9   went after him.  And then took a swing at him.
10          And, I mean, I remember going by
11  this guy and I thought about putting my hands
12  on him.  And this guy was just out of control.
13  And he just went after Jarrod and took a swing
14  at Jarrod.
15       Q.   Okay.  Did you see him actually make
16  contact with that punch?
17       A.   I -- I'm behind him so I might not
18  have seen the exact contact.  I saw him
19  definitely go after him and definitely -- I
20  thought that I saw him hit him.  I know that I
21  saw the blood on Jarrod's either lip or eye or
22  wherever it was.  I can't remember.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEILL S. BASSI, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) Civil Action No.: 07-1277 (JDB) |
| | ) |
| JARROD M. PATTEN, | ) |
| | ) |
| Defendant, *et al.* | ) |

### DECLARATION

I, John J. Hickey Jr., declare the following is true and accurate:

On January 3, 2008, I conducted a background check on Mr. Greg Davis to locate any current address. I was unable to locate the current address although I did locate his then employer being Gap International.

On January 4, 2008, I called Gap International. I was connected with Mr. Davis. I advised him that he may be served with some papers pertaining to the pending case, and I asked for his address. He then stated that his address is 4257 Main Street, Apt. 3, Philadelphia, PA 19127.

I declare under penalty of perjury that this statement is true and correct.

John J. Hickey Jr.
Hickey, Miller and Bailey, Inc.

**EXHIBIT 2**