UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEILL S. BASSI,<br><br>    Plaintiff/Counter-Defendant,<br><br>    v.<br><br>JARROD M. PATTEN,<br><br>    Defendant,<br><br>    and<br><br>CASEY T. PATTEN,<br><br>    Defendant/Counter-Plaintiff. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-1277 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| JARROD M. PATTEN,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    and<br><br>CASEY T. PATTEN,<br><br>    Defendant/Counter-Plaintiff/<br>    Third-Party Plaintiff,<br><br>    v.<br><br>GREG DAVIS,<br><br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CASEY T. PATTEN'S
REPLY MEMORANDUM IN FURTHER
<u>SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Casey T. Patten, through counsel, respectfully submits this Reply Memorandum in Further Support of his Motion for Summary Judgment. For the reasons discussed below, summary judgment should be granted for Mr. Patten on Counts V (Assault) and VI (Battery).

### III. Count V (Assault/Transferred Intent)

Count V is predicated upon the doctrine of transferred intent. It alleges that by punching in the direction of a person situated between Casey Patten and Plaintiff, Casey Patten "committed an intentional and unlawful threat or attempt, by words and by acts, to physically harm a third person, which caused apprehension of imminent harm or offensive contact in Plaintiff." (Compl. ¶ 42). In his Opposition to our motion, Mr. Bassi suggests that summary judgment should be denied as to Count V because: (1) Bassi's sworn testimony creates a question of fact about how close he was to Casey Patten's punches; (2) Casey Patten's argument that he could not have been in apprehension of imminent harmful or offensive contact has no legal basis; and (3) Plaintiff's apprehension is measured by a reasonable person standard, not Casey Patten's subjective opinion. (Pl.'s Mem. Opp., at 4-7). These contentions are insufficient to defeat summary judgment.

The linchpin of Mr. Bassi's argument is his deposition testimony that he was "*maybe* 5 feet back, six feet," which, he suggests, creates a factual dispute about this distance sufficient to forestall summary judgment. This contention is incorrect as a matter of law. *See, e.g., Hutchinson v. CIA*, 393 F.3d 226, 229-30 (D.C. Cir. 2005) (a speculative factual contention is insufficient to defeat summary judgment); *Haynes v. Williams*, 392 F.3d 478, 485 (D.C. Cir. 2004) ("The possibility that a jury might speculate in the plaintiff's favor is insufficient to defeat summary judgment"). As the *Haynes* Court observed,

2

> A dispute about a material fact is not "genuine" unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248 (1986), and a moving party is "entitled to a judgment as a matter of law" if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

*Id.* at 481.

It is plain from Mr. Bassi's deposition testimony that he was not in the "zone of danger" when Casey Patten was attempting to punch someone else a number of feet away. There are no facts supporting the proposition that Casey Patten was attempting to punch Mr. Bassi, nor that there was any reasonable possibility that any punch Casey Patten threw had any reasonable possibility of connecting with Mr. Bassi's person. Someone standing a block away watching a fistfight might have experienced a rush of adrenaline or even some trepidation, but that would not be sufficient to establish civil liability. Nor is Mr. Bassi's claim here.

It is not disputed by Mr. Bassi, nor by any of the witnesses deposed in this case, that Mr. Bassi and Casey Patten were separated by approximately five or six feet when Casey Patten threw his two punches. Nor is it disputed that people stood between Plaintiff and Casey Patten. Plaintiff concedes, in his Counter-Statement of Material Facts in Dispute, that when Casey Patten threw his two punches, at Mike Hill, who was in the threshold of Smith Point, "[Plaintiff] stood about five or six feet back from the threshold." (Pl.'s Counter-Statement Mat. Facts in Dispute ¶¶ 12, 23-26). Plaintiff also concedes that Mike Hill and Greg Davis were standing in the threshold, between Plaintiff and Casey Patten. (*Id.* ¶ 24). Plaintiff further concedes that Jarrod Patten was partially in front of Casey Patten, between Casey Patten and Plaintiff. (*Id.* ¶¶ 32-33). By Plaintiff's own admission then, he was "about five or six feet back from the threshold," behind Mike Hill, who stood in the threshold, with Jarrod Patten partially between

3

Casey Patten and Plaintiff. Given that the threshold, Mike Hill, and Jarrod Patten took up some amount of physical space, there is no factual dispute as to the fact that Plaintiff was separated from Casey Patten by *at least* 5 or 6 feet, and by at least one person. There is no evidence to the contrary.

Contrary to Plaintiff's second argument, our request for summary judgment on Count V does in fact rest on a solid legal basis. An essential element of the tort of assault is that the Defendant's action places the victim in "apprehension of an immediate and harmful or offensive contact." *Madden v. D.C. Transit Sys., Inc.*, 307 A.2d 756, 757 (D.C. 1973). Punches directed at Mike Hill, who was standing in the doorway, could not have placed Plaintiff, who was five to six feet inside the doorway, in apprehension of an **immediate** contact, even if it could have caused him concern about a potentially escalating melee that might cause him a harmful contact in the future. Plaintiff's reliance on the fact that Casey Patten's second punch made contact with a bystander, Hannah Freeman, is misplaced. Freeman was standing "just at the corner of the doorpost," much closer to Casey Patten than Bassi, who was five to six feet away from the doorway. (Freeman Dep. 36:4-13, Ex. L to Pl.'s Opp.).

Finally, as to Mr. Bassi's third contention, Plaintiff misstates the law, and in any event misapplies it. The relevant question is not only whether apprehension would "normally be aroused in the mind of a reasonable person," *Rogers v. Loews L'Enfant Plaza Hotel*, 526 F.Supp. 523, 529 (D.D.C. 1981) (internal quotations omitted) as a result of Casey Patten's conduct, but more importantly, whether Plaintiff was in fact put in such apprehension. This "reasonable person" standard does not, as Plaintiff suggests, negate the requirement that the plaintiff in an assault case actually be put in apprehension of imminent harmful contact; it instead serves as an additional restriction on a plaintiff's ability to prevail on an assault claim. *See* RESTATEMENT

4

(SECOND) OF TORTS § 24 (1965) ("In order that [a plaintiff] may be put in the apprehension necessary to make the actor liable for an assault, the [plaintiff] *must believe* that the act may result in imminent contact unless prevented from so resulting by the [Plaintiff's] self-defensive action or by his flight or by the intervention of some outside force") (emphasis added); 6 Am. Jur. 2d Assault and Battery § 100 (citing *Hall v. McBryde*, 919 P.2d 910 (Colo. Ct. App. 1996); *McGee v. Vanover*, 147 S.W. 742 (Ky. 1912) (emphasis added); ("[A]n act intended to put a person in apprehension of a harmful or offensive contact is suable … by and on behalf of another person *who is in fact put in such apprehension*, although the actor's intention was not directed against him.).  In other words, this "reasonable person" element prevents an individual from prevailing on an assault claim if he contends that he feels threatened by an action that would not cause apprehension in a reasonable person.  It does not enable a plaintiff who was not in fact placed in apprehension of an imminent contact to prevail on an assault claim.  The *Rogers* case, upon which Plaintiff relies, adheres to the principle that that an assault occurs only if "the [plaintiff] is thereby put in such imminent apprehension."  *Rogers v. Loews L'Enfant Plaza Hotel*, 526 F.Supp. at 529.

In any event, neither Plaintiff nor any other reasonable person located where Plaintiff was standing at the time Casey Patten threw his punches at Mike Hill, well outside of Casey Patten's range, could have been placed in imminent apprehension of harmful contact.  Accordingly, it is respectfully submitted that the Court should grant summary judgment on Count V in Casey Patten's favor.

### IV.  Count VI (Battery)

According to Mr. Bassi, there is sufficient evidence for a reasonable jury to find that Casey Patten aided and abetted Jarrod Patten's alleged assault of Plaintiff because Casey Patten

5

encouraged "mayhem on the doormen at Smith Point," (Pl.'s Opp. at 8) or a "chaotic free-for-all outside Smith Point," (Pl.'s Opp. at 9). This, according to Plaintiff, encouraged the wrongful activity that resulted in Bassi's injury. But in the District of Columbia, one does not aid and abet merely by encouraging general mayhem. Aiding and abetting requires proof that: (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time he provides the assistance; and (3) the defendant must knowingly and substantially assist the **principal violation**. *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983). Here, Plaintiff's argument addresses only the first of these three elements. The principal violation in this case was the alleged twisting of Plaintiff's arm by Jarrod Patten. There remains a complete absence of evidence indicating that the two defendants were working in concert to injure Mr. Bassi, or that anything Casey Patten did exacerbated or is otherwise causally related to Plaintiff's injury.

As the *Halberstam* Court observed, there are two variants of vicarious joint tortfeasor liability: concerted action by agreement (conspiracy), and concerted action by substantial assistance (aiding and abetting). *Id*. The former, based on civil conspiracy theory, is not alleged here, and could not have been, since there is no evidence of any agreement that the two defendants agreed to injure Mr. Bassi. Aiding and abetting, which is alleged, also fails, since there is a complete absence of evidence that Casey Patten provided any actual assistance to his brother's alleged effort to pull back Mr. Bassi's arm. Accordingly, there is no basis for liability as to Count VI.

*In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005), which cites but distinguishes *Halberstam*, is instructive concerning foreseeability and specificity regarding aiding and abetting liability. There, the Court found that Defendants from the Saudi

6

royal family, who donated to charities that may have had ties to Al-Qaeda, were not sufficiently close to Al-Qaeda to be liable for aiding and abetting liability under *Halberstam*. *Id.* at 800. The court distinguished *Halberstam*, holding that aiding and abetting requires specific knowledge and aiding of a tort, as the Defendant in *Halberstam* was liable for aiding and abetting because she assisted her live-in boyfriend's criminal enterprise by serving as a money launderer and had been exposed to his enterprise for months; thus she was "so close to the illegal activity that she had to be aware of her role in it." *Id.* Thus, even if the Plaintiff correctly alleges that Casey Patten caused "mayhem" or a "chaotic free-for-all," such an allegation does not state grounds for a claim of aiding and abetting liability because Casey Patten did not specifically aid in Jarrod Patten's assault on Plaintiff; at worst, he caused a general frenzy, not specifically aiding a tort committed by Jarrod Patten.

Accordingly, it is respectfully submitted that summary judgment should issue in Casey Patten's favor as to Count VI.

## CONCLUSION

For the foregoing reasons, Plaintiff Casey Patten's respectfully requests that the Court grant his motion for summary judgment as to Counts V and VI.

Respectfully submitted,

/s/ Barry  Coburn_____
Barry Coburn, D.C. Bar # 358020
Jeffrey C. Coffman, D.C. Bar # 493826
COBURN & COFFMAN, PLLC
1244 19th Street, NW
Washington, D.C. 20036
(202) 657-4490

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing reply memorandum was served by ECF upon all counsel in this case, this 22nd day of July, 2008.

                                                        _____/s/ Barry Coburn_____
                                                        Barry Coburn