IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NEIL S. BASSI | ) | |
| | ) | |
| Plaintiff/Counter-Defendant | ) | |
| v. | ) | Civil Action: 07-1277 (JDB) |
| | ) | |
| JARROD M. PATTEN, *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANT/THIRD-PARTY PLAINTIFF JARROD M. PATTEN'S
OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER
WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Defendant/Third-Party Plaintiff Jarrod M. Patten, by and through counsel, hereby opposes Plaintiff's Motion to Modify the Scheduling Order. In support of this Opposition, Mr. Patten submits the following:

1. On or about July 23, 2008, Plaintiff's counsel served a subpoena upon MicroStrategy, Inc.'s Board of Directors, of which Mr. Patten is a member. This subpoena sought "any and all documents, including minutes from meetings of the Board of Directors, that mention, refer to, or address Jarrod M. Patten's acts of and/or reputation for hostility, violence, or aggression, including any criminal charges for threatening others or disorderly conduct, for the period 11/1/2004 to present." *See* Exhibit 1 (Subpoena).

2. Undersigned counsel, in a good faith effort to resolve a discovery dispute, contacted Plaintiff's counsel and advised him that the subpoena was viewed as a fishing expedition which was designed to professionally embarrass Mr. Patten, rather than seek discoverable evidence. Undersigned counsel also provided Plaintiff's counsel, at his request, with case law showing that a third-party subpoena could not be served outside the discovery deadline. *See e.g. DAG Enterprises Inc. v. Exxon Mobile Corp.*, 226 F.R.D. 95, 104 (D.D.C.

2005).

3. Plaintiff's counsel indicated that, even though the subpoena seeks documents as far back as 2004, it was based upon Mr. Patten's recent conviction. He further indicated that, after reviewing the case law, he would promptly withdraw the subpoena, because it was served outside the discovery deadline, but he would be seeking an extension in order to pursue the matter further. Undersigned counsel indicated that any such motion would be opposed.

4. Plaintiff has in his possession a copy of the police report related to Mr. Patten's conviction. He not demonstrated how any additional discovery will produce information that is relevant to his claims. More importantly, Plaintiff has not indicated what discovery he would seek to engage in. It is apparent that the extension is being sought, at least in part, to renew the subpoena on MicroStrategy, Inc. There is no good faith basis to believe that the Board of Directors of MicroStrategy, Inc. has any information relevant to this case. It was clearly an effort designed to embarrass and harass Mr. Patten. This tactic should not be sanctioned by extending the discovery deadline.

WHEREFORE, Defendant/Third-Party Plaintiff Jarrod Patten respectfully requests that Plaintiff's Motion to Modify Scheduling Order to Permit Additional Discovery be denied.

\

Respectfully submitted,

_____/s/_____
DANIEL T. MCNAMARA
D.C. Bar No. 494834
MALLON & McCOOL, LLC
1776 K Street, N.W.
Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Jarrod Patten

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on August 19, 2008, a copy of the foregoing was served on all parties through the electronic document filing system of the United States District Court for the District of Columbia.

                                           _____/s/_____
                                           DANIEL T. MCNAMARA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NEIL S. BASSI | ) | |
| | ) | |
| Plaintiff/Counter-Defendant | ) | |
| v. | ) | Civil Action: 07-1277 (JDB) |
| | ) | |
| JARROD M. PATTEN, *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Upon consideration of Plaintiff's Motion to Modify Scheduling Order to Permit Additional Discovery, Defendant Jarrod Patten's Opposition thereto, and the entire record in this matter it is hereby

**ORDERED**, that Plaintiff's Motion is **DENIED.**

_____
THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT COURT JUDGE

4

# BODE & GRENIER, LLP
### ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4129
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

ERIC D. MITCHELL, ESQ.
Direct Dial: 202-862-4315
emitchell@bode.com

July 23, 2008

Steven J. McCool, Esquire
Dan McNamara, Esquire
Mallon & McCool, LLC
1776 K Street, NW, Suite 200
Washington, D.C. 20006

Barry Coburn, Esquire
Jeff Coffman, Esquire
Coburn & Coffman PLLC
1244 19th Street, NW
Washington, D.C. 20036

Re:   *Neill S. Bassi v. Jarrod M. Patten, et al.*

Dear Counsel:

Enclosed is a copy of a subpoena to MicroStrategy, Inc.

Sincerely,

*[signature]*

Eric D. Mitchell

Enclosures
cc:   Angela D. Sheehan, Esq. (with enclosures)

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

NEILL S. BASSI

V.

JARROD M. PATTEN and CASEY T. PATTEN

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-1277 (JDB)

TO: MicroStrategy, Inc.
1861 International Drive, McLean, VA 22101
c/o David L. Hilton, Registered Agent
8303 Arlington Blvd, Ste. 102, Fairfax VA 22031

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Any and all documents, including minutes from meetings of the Board of Directors, that mention, refer to, or address Jarrod M. Patten's acts of and/or reputation for hostility, violence, or aggression, including any criminal charges for threatening others or disorderly conduct, for the period 11/1/2004 to the present.

| PLACE  Bode & Grenier, LLP (Attn: Eric D. Mitchell) 1150 Connecticut Avenue, N.W., Suite 900, Washington, D.C. 20036 | DATE AND TIME 8/19/2008 11:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]* Attorney for Plaintiff | DATE 7/22/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric D. Mitchell, Esq
Bode & Grenier, LLP, 1150 Connecticut Avenue, N.W., 9th Floor, Washington DC 20036 (202-828-4100)

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
            DATE                 SIGNATURE OF SERVER

                                 _____
                                 ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).