UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEILL S. BASSI,<br><br>            Plaintiff,<br><br>       v.<br><br>JARROD M. PATTEN, et al.,<br><br>            Defendants. | Civil Action No. 07-1277 (JDB) |

MEMORANDUM & ORDER

This case arises from a physical altercation at a bar known as Smith Point where plaintiff Neill Bassi worked as a doorman.  Before the Court is defendant Casey Patten's motion for summary judgment as to Bassi's two claims against him -- assault (Count Five) and battery (Count Six).  The issues presented are whether Bassi has, at this stage, presented sufficient evidence to proceed to trial on his claims that Casey Patten assaulted him, based on a theory of transferred intent, and aided and abetted the subsequent physical attack on Bassi by Jarrod Patten.

Casey Patten contends that he is entitled to summary judgment on the assault claim because the evidence establishes that Bassi was five or six feet away when Casey Patten allegedly threw punches at another doorman, Michael Hill -- too far away to put Bassi in apprehension of an imminent harmful or offensive contact.  See Def.'s Mem. at 3-4 & Bassi Depo. at 55 (Feb. 27, 2008).  Upon review of the evidence submitted, the Court concludes that a reasonable trier of fact could conclude that Casey Patten's attack on Hill placed Bassi in "apprehension of an imminent harmful or offensive contact," thus supporting Bassi's claim of assault.  See Person v. Children's Hosp. Nat'l Med. Ctr., 562 A.2d 648, 650 (D.C. 1989).  Bassi

has presented evidence that Casey Patten was "increasingly hostile" towards Bassi for refusing him and his brother admittance to Smith Point, that Casey Patten punched Hill five or six feet from Bassi moments thereafter, and that a woman standing nearby was struck by Casey Patten's second punch at Hill.  See Bassi Depo. at 8-9 (Mar. 18, 2008).  Whether Bassi's distance from Casey Patten should, under these circumstances, undermine Bassi's contention that he felt apprehension of imminent harm presents a factual issue to be decided by the jury.  See Person, 562 A.2d at 650 (holding that plaintiff was entitled to jury resolution of factual question "whether any apprehension of . . . contact" with guards who silently escorted plaintiff out of hospital constituted an assault).

Casey Patten contends that, in any event, he is entitled to summary judgment on the separate battery claim, which is based on the theory that he aided and abetted his brother Jarrod when Jarrod allegedly physically attacked Bassi.  See Compl. ¶¶ 45-48.  According to Casey Patten, there is a complete absence of evidence that he acted in concert with or otherwise substantially assisted his brother in that alleged attack.  Def.'s Mem. at 5-7.  Bassi responds that a reasonable juror could infer from the evidence that Casey Patten substantially encouraged the wrongful activity -- "imposing mayhem on the doormen at Smith Point" -- that resulted in Bassi's injury.  Pl.'s Mem. at 7-9.

Both sides agree that the Court should be guided in its analysis of aiding and abetting liability by Halberstam v. Welch, 705 F.2d 472, 477 (D.C. Cir. 1983).  Liability based on aiding and abetting a tort requires proof of the following elements: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the

assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation." Id. The court of appeals observed in Halberstam that "[m]ere presence at the scene . . . would not be sufficient for liability," but also emphasized that "the contributing activity itself need not be so obviously nefarious as cheering a beating or prodding someone to [act] recklessly." Id. at 481-82 (citing Rael v. Cadena, 604 P.2d 822 (N.M. 1979), Cobb v. Indian Springs, Inc., 522 S.W.2d 383 (Ark. 1975), and Keel v. Hainline, 331 P.2d 397 (Okl. 1958)). Thus, the court recognized that the "creation of a free-for-all, [that] was both dangerous and ultimately injurious" may be sufficient to impose liability on even a "minimally involved participant." Halberstam, 705 F.2d at 484 (citing Keel, 331 P.2d at 400).

Here, whether Bassi has presented sufficient evidence to support his aiding and abetting theory turns on the second and third elements -- whether Casey Patten was generally aware of his role in the battery, and whether he knowingly and substantially assisted Jarrod Patten's alleged attack on Bassi.[1] Construing the evidence in the light most favorable to Bassi as the nonmovant, the record indicates that both Casey Patten and his brother demanded admittance to Smith Point, both became hostile and verbally abusive to Bassi and the other doormen, and both then resorted to physical force to gain admittance, with Casey Patten initiating the series of physical attacks by the Smith Point entrance by throwing two punches at Hill. See Bassi Depo. at 50-75 (Feb. 27, 2008); Hill Depo. at 40-41 (Apr. 15, 2008). As a result of Casey Patten's attacks on Hill, the doorway was cleared for Jarrod Patten's attack on Bassi. See Bassi Depo. at 65-66 (Feb. 27, 2008). When Jarrod Patten finally released Bassi, Casey Patten then charged at Bassi, but Bassi

---

[1] Bassi has presented sufficient evidence on the first element -- that is, the performance of a wrongful act by the principal violator, here, Jarrod Patten -- and Casey Patten does not contest that point. See Bassi Depo. at 66-70 (Feb. 27, 2008).

was able to fend him off by using his momentum to take him to the ground.  Bassi Depo. at 70-71 (Feb. 27, 2008).

The circumstances described by the Bassi and Hill depositions come much closer to the "dangerous and injurious" free-for-all recognized in <u>Halberstam</u> as one basis for imposing aiding and abetting liability, than the "mere presence" role asserted by Casey Patten.  A reasonable jury could infer that Casey Patten was generally aware of his involvement in creating a violent atmosphere in which others might be physically injured and that he knowingly and substantially assisted in Jarrod Patten's alleged attack on Bassi by doing so, as well as by allegedly clearing a path for his brother to attack Bassi.

For the foregoing reasons, it is hereby

**ORDERED** that defendant Casey Patten's motion for summary judgment is **DENIED**.

/s/
JOHN D. BATES
United States District Judge

Dated:   November 12, 2008